168 So.2d 541 (1964)
STATE of Florida, Petitioner,
v.
Effie L. NORRIS, Respondent.
No. 33316.
Supreme Court of Florida.
October 30, 1964.
*542 James W. Kynes, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for petitioner.
Walter G. Arnold, Jacksonville, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the Court of Appeal, First District, because of an alleged conflict with a prior decision of this Court. See Norris v. State, 158 So.2d 803.
We must decide whether certain similar fact evidence was admissible to prove the guilt of an accused in the absence of proof connecting the accused with the collateral situations.
The relevant facts are detailed in the opinion under review. Norris v. State, supra. Mrs. Effie L. Norris was convicted of first degree murder with a mercy recommendation. The crime alleged was the poisoning of one Merrill by administering arsenic oxide. The trial judge permitted testimony regarding the arsenic content found in the exhumed bodies of Earl Norris, late husband of the accused, and Vinton Pace, a business and social associate of Mrs. Norris. Mr. Norris died January 13, 1952. Mr. Pace died March 23, 1953. The current trial for the murder of Merrill was held October 15, 1962. Allegedly the homicide was committed on June 3, 1960. The defendant objected to the admissibility of the evidence on the ground that there was no showing that she had anything whatever to do with feeding arsenic to Mr. Norris or to Mr. Pace. The point made was that the relevancy of similar fact evidence to prove a fact in issue depends upon proof which connects the defendant with the collateral occurrences. The District Court reversed the conviction, holding that it was error to admit the subject evidence. The State seeks review by certiorari claiming a direct conflict with our decision in Williams v. State, Fla., 110 So.2d 654.
Because of an apparent conflict between Williams and the instant decision, we granted the writ. Our study of the District *543 Court decision following oral argument, suggests that the conflict was more apparent than real.
In Williams v. State, supra, we undertook to examine in depth the rules governing the admissibility of similar fact evidence as proof of a fact in issue in a criminal case. We there held that similar fact evidence is admissible if relevant, except to prove bad character or criminal propensities. Such evidence is not objectionable merely because it points to the commission of another crime. The objective to be accomplished by allowing such evidence is not proof of a collateral crime outside of the indictment. Its purpose is to prove a fact in issue in the case before the Court. Its relevancy will not be destroyed merely because it would also be relevant to the proof of a separate crime. It would be unduly burdensome to review our Williams opinion in detail. It is sufficient here to reaffirm the rule of admissibility of similar fact evidence which we there announced.
The State's concern is that by its strong reliance on Wrather v. State, 179 Tenn. 666, 169 S.W.2d 854, the District Court has deviated from the Williams rule of admissibility and has re-established a rule exclusion. We understand from the Wrather decision that Tennessee continues to follow the rule that similar fact evidence is inadmissible if it points to a collateral crime, unless it can be allowed under some recognized exception. It is correct that this statement of the rule was laid aside by us in Williams, when we held that such evidence is admissible if relevant. However, we do not construe the District Court opinion as adopting the questionable aspect of the Tennessee decision. Our analysis of the opinion under review leads us to conclude that the District Court used Wrather to demonstrate the related proposition that "Evidence of a collateral crime is inadmissible unless accompanied by evidence connecting the defendant therewith." Norris v. State, supra. In so holding, the District Court was on sound ground. This does not in any fashion detract or becloud the rule of admissibility announced in Williams v. State, supra. It simply means that in order for such evidence to be allowed against an accused, there must be accompanying evidence to identify or connect the accused with the collateral facts. Ralph Williams itself is illustrative. There the accused was specifically identified with the similar prior occurrences which we held to have relevant probative value in establishing various aspects of the case then at bar. Likewise, in Talley v. State, 160 Fla. 593, 36 So.2d 201, the conduct of the accused himself on occasions before and after the crime in issue, was held to be relevant at his trial. In each instance the so-called similar fact evidence was allowed. The connection between the accused and the collateral evidence was clearly established.
A contrary rule would most often lead to the improper construction of inferences upon inferences. The instant case is illustrative. In order for the questioned evidence to reach a degree of admissible relevancy, it would be necessary to infer that lethal potions of arsenic had been administered to Mr. Norris and to Mr. Pace. From that, we would have to infer that Mrs. Norris committed the acts. For the rules governing inferences, see Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403, and Tucker Brothers, Inc. v. Menard, Fla., 90 So.2d 908. The evidence admitted here does not meet the test of the criminal rule announced by these decisions.
Instead of deviating from Williams v. State, supra, the District Court followed the rule there announced. It merely prescribed a related requirement that in order for the evidence to be admissible there must be proof of a connection between the defendant and the collateral occurrences. In this respect mere suspicion is insufficient. The proof should be clear and convincing.
In view of our analysis of the decision submitted for review we find no conflict with prior decisions of this Court. However, *544 because of possible erroneous interpretations of the District Court opinion, we have deemed it advisable to state the reasons for our conclusion. Seaboard Air Line Railroad Company v. Branham, Fla., 104 So.2d 356. The writ was improvidently issued and it is, therefore, discharged.
It is so ordered.
DREW, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur