579 So.2d 288 (1991)
Sherman WEST, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2365.
District Court of Appeal of Florida, Third District.
May 7, 1991.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Katherine B. Johnson, Asst. Atty. Gen., for appellee.
Before HUBBART, JORGENSON and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Sherman West from a final judgment of conviction and sentence for robbery. The sole contention on appeal is that the trial court improperly admitted other-crimes evidence. We affirm.
*289 First, the defendant concedes, as he must, that the trial court properly admitted in evidence that (a) the defendant was apprehended by police, two hours after the charged purse-snatch robbery, as a passenger in a car identified by the robbery victim as the car the defendant entered, as a passenger, to effect his getaway from the scene of the charged robbery, and (b) the wallet stolen from the robbery victim was found by police in this car. Moreover, the defendant raises no point on appeal concerning the admissibility of the robbery victim's identification of the defendant as the perpetrator of the charged robbery.
Second, the fact that the car was apprehended after a high speed police chase was, contrary to the defendant's contention, admissible as evidence of flight tending to show consciousness of guilt. True, the defendant did not himself operate the car in question, but he plainly consented to the driver's operation of the car when he entered it as a passenger to effect his escape from the scene of the crime; his subsequent presence in the same car, as a passenger, two hours later, which car was still attempting to escape apprehension, may be taken as a continuous part of the same scheme to flee the scene of the crime. See Bundy v. State, 471 So.2d 9, 20-21 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986); O'Connell v. State, 480 So.2d 1284, 1285 (Fla. 1985); Washington v. State, 432 So.2d 44, 47 (Fla. 1983); Daniels v. State, 108 So.2d 755, 760 (Fla. 1959).
Third, the fact that the car was a stolen vehicle was, in our view, irrelevant other-crimes evidence as there is no evidence that the defendant committed the offense of car theft or aided in the commission of same. State v. Norris, 168 So.2d 541 (Fla. 1964); Rolle v. State, 431 So.2d 326 (Fla. 3d DCA 1983); Chapman v. State, 417 So.2d 1028, 1031 (Fla. 3d DCA 1982). We are convinced beyond a reasonable doubt, however, that this evidence had no impact whatever on the outcome of this case. Not only was the defendant positively identified by the robbery victim at the arrest scene as the perpetrator of the charged purse-snatch robbery, he was apprehended two hours later attempting to escape in the same car he had previously entered to effect his getaway from the scene of the crime, and the victim's stolen wallet was, in fact, found in the subject car; no evidence or plausible explanation was ever offered below to explain this damning evidence. The fact that the getaway car was stolen added little, if anything, to the strong, unrebutted case of guilt against the defendant and did not, in our view, affect the outcome of this case. Harman v. State, 527 So.2d 182 (Fla. 1988); Craig v. State, 510 So.2d 857, 864 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); McKinney v. State, 462 So.2d 46 (Fla. 1st DCA 1984).
Affirmed.