700 So.2d 446 (1997)
Jeremaine SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4148.
District Court of Appeal of Florida, First District.
October 21, 1997.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
ALLEN, Judge.
In this direct criminal appeal, the appellant challenges his conviction for misdemeanor child abuse. Because the trial court erred in admitting evidence of prior abuse in the absence of proof that the appellant committed the prior abuse, we reverse the appellant's conviction.
The appellant was charged with aggravated child abuse in relation to a head injury sustained by his child. At trial, over proper objection, the prosecution was permitted to introduce evidence that the child's x-rays revealed old rib fractures that were likely inflicted through abuse. In addition to the prosecution's three expert witnesses' testimony regarding the prior abuse, in closing argument the prosecutor argued the importance of the evidence of the old rib fractures: "If there is any doubt about whether or not this child was abusedany forced, speculative, possible doubtthat would do away with it." At the conclusion of the trial, the jury found the appellant guilty of the lesser included offense of misdemeanor child abuse.
The admission of the collateral crime evidence of prior abuse was error. Assuming the relevancy of the evidence to prove an issue other than bad character or propensity, as a condition precedent to admission *447 of the evidence the trial court was required to determine that there was clear and convincing proof that the appellant committed the prior abuse. See, e.g., State v. Norris, 168 So.2d 541 (Fla.1964); Phillips v. State, 591 So.2d 987 (Fla. 1st DCA 1991); West v. State, 579 So.2d 288 (Fla. 3d DCA 1991); see also Charles W. Ehrhardt, Florida Evidence § 404.9, at 168-69 (1997). Because the prosecution did not present evidence connecting the appellant with the prior abuse, evidence of the prior abuse should not have been admitted before the jury.
Under the circumstances of this case, the error cannot be considered harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We accordingly reverse the appellant's conviction and remand this case to the trial court for a new trial.
MINER and PADOVANO, JJ., concur.