787 So.2d 127 (2001)
Angel ACEVEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1931.
District Court of Appeal of Florida, Third District.
April 25, 2001.
Rehearing Denied June 8, 2001.
*128 Bennett H. Brummer, Public Defender, and Robert Godfrey and Ray Taseff, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before LEVY, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Angel Acevedo ("the defendant") appeals his convictions and sentences for Second Degree Murder and First Degree Arson, alleging, among other things, that the trial court erred in excluding a discovery deposition from evidence and admitting Williams Rule evidence at trial. For the following reasons, we affirm on the deposition issue and reverse on the admission of Williams Rule evidence.
The defendant owned a one bedroom apartment in which he and six other family members lived, including two granddaughters Jacqueline and Darlene. On July 8, 1995, the defendant went into the bedroom where Darlene was sleeping, purportedly to get some cologne. Minutes later the defendant's daughter entered the apartment and saw smoke coming from the bedroom. There was a fire in the bedroom and Darlene Acevedo, who was sleeping, died. The State indicted the defendant on charges of First Degree Murder and First Degree Arson.
Some three months after the fire, the defendant alleges that Jacqueline Acevedo, who was 3½ years old, told her cousin that she had killed Darlene. In October 1997, State and defense attorneys conducted a discovery deposition, wherein Jacqueline Acevedo admitted starting the fire by striking a match. At trial, the lower court held a hearing to determine if Jacqueline was competent to testify. After hearing the evidence and arguments, the court determined that she was not competent to *129 testify because she did not have sufficient memory of the events in question. Thereafter, defense counsel sought to introduce as evidence both her prior deposition and her purported admission to her cousin. The court denied said requests.
Prior to trial, the State filed a notice to introduce Williams Rule evidence of a fire that occurred in the defendant's home in 1971, killing one of the defendant's daughters. That 1971 fire was investigated by New York Fire Investigator John Stickevers. During the course of that investigation, the defendant informed Investigator Stickevers that: (1) the defendant was not in his New York apartment when the fire started; (2) when the defendant entered his apartment, the bedroom was on fire; (3) the defendant found his son in the bathroom, hidden under a pile of clothes in the bathtub; (4) the defendant's son, who survived, had a burn mark on his leg; and (5) there were unlit matches on the bathroom floor. Based upon his investigation, Stickevers determined that the fire was started by human hand but that, while the cause of the fire was "not fully ascertained," the fire was "probably [caused] by children playing with matches."
After the 1995 fire, the defendant informed Detective Succo of the Miami Police Department about the 1971 fire. According to Detective Succo, the defendant told the detective that he found his son in the New York apartment's bedroom, not the bathroom. Specifically, the defendant told the detective that, upon entering the bedroom, "he saw the area in the ceiling around the center light fixture was burning and pieces of the ceiling were on fire and falling down on to the bed and burned his son's leg." At the Williams Rule hearing, the State presented Investigator Stickevers with these statements that contradicted the defendant's prior account of the 1971 fire and asked the investigator if his conclusion would have been the same had he known that the defendant saw his son in the New York apartment's bedroom, not the bathroom. Based on those statements, Investigator Stickevers stated that his suspicions about the 1971 fire would have been heightened and that he would have been leaning more toward an intentional incendiary fire. Defense counsel objected to said evidence on the ground that there was not clear and convincing proof that the defendant started the 1971 fire. After the hearing, the trial court ruled that the evidence was admissible. After the trial, the jury convicted the defendant of Second Degree Murder and First Degree Arson. This appeal ensued.
First, we find that, under the facts of this case, the trial court properly excluded the discovery deposition from evidence. See Rodriguez v. State, 609 So.2d 493 (Fla. 1992).
Second, we find that the trial court erred in admitting the Williams Rule evidence of the 1971 fire. The Williams Rule has been codified under section 90.404(2)(a), Florida Statutes (1999) which states:
(2) Other crimes, wrongs, or acts.
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Under this Rule, before evidence of a collateral act can be admitted at trial, the State must prove by clear and convincing evidence that the defendant committed the collateral act. See State v. Norris, 168 So.2d 541 (Fla.1964). The Florida Supreme Court has explained:

*130 [I]n order for the evidence [of a collateral act] to be admissible there must be proof of a connection between the defendant and the collateral occurrences. In this respect mere suspicion is insufficient. The proof should be clear and convincing.
Id. at 543 (emphasis added); see also Smith v. State, 743 So.2d 141, 143 (Fla. 4th DCA 1999) (finding the trial court erred in admitting evidence of collateral crimes where there was not clear and convincing evidence that the defendant committed the collateral crimes); Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994).
The Fourth District has defined the "clear and convincing" standard as follows:
[C]lear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.
Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983). Once the trial court has determined that the defendant committed the collateral act by clear and convincing evidence, the collateral act faces a strict standard of relevance.
In the instant matter, we find that the State has failed to prove that the defendant committed the 1971 fire by clear and convincing evidence. In this regard, we note the following: (1) New York Fire Investigator Stickevers originally determined that the cause of the fire was probably children playing with matches; (2) to date, the defendant has not been charged with arson for the 1971 fire; and (3) when informed of the defendant's contradicting recollections of the 1971 fire, Stickevers merely concluded that he would have heightened suspicions about the 1971 fire's cause, not that the defendant had committed arson. Under these circumstances, without more, the Williams Rule evidence should not have been admitted merely on the strong suspicion or hunch that the defendant had set the 1971 fire. Moreover, under the particular facts of this case, the State's attempt to bootstrap the similarities of the 1995 fire to those of the 1971 fire in order to prove that the defendant started the 1971 fire was equally inappropriate. Improperly admitted Williams Rule evidence is presumed harmful and is inherently prejudicial to a criminal defendant's right to a fair trial. See Smith, 743 So.2d at 144.
In summary, we find that the trial court properly excluded the discovery deposition from evidence, but erred in admitting the Williams Rule evidence of the 1971 fire at trial. The remaining issues, all of which either directly or indirectly concern the 1971 fire, are rendered moot and need not be addressed herein. This case is remanded for a new trial.
Affirmed in part; reversed in part; and remanded for a new trial.