787 So.2d 904 (2001)
Joe D. BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1197.
District Court of Appeal of Florida, Second District.
May 9, 2001.
Rehearing Denied June 13, 2001.
*905 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Joe D. Bryant seeks reversal of the judgments and sentences after a jury found him guilty of battery, handling or fondling a child under sixteen in a lewd, lascivious or indecent manner, and showing obscene material to a minor. Bryant raises four issues for our review. Three have no merit, but we conclude the trial court erred in the admission of Williams[1] Rule evidence, requiring reversal for a new trial.
The fourteen-year-old victim testified that Bryant exposed her to obscene pictures on a computer, touched her inappropriately, and committed sexual battery by digital penetration. This allegedly occurred on the first night of a two-night sleep over with Bryant's daughter at Bryant's home. The State also presented as evidence obscene photographs, recovered from the hard drive of a computer at Bryant's home, that had been generated the night of the sleep over. Although admittedly obscene, the images did not match the description of the pictures the victim described seeing. Also present at Bryant's home on the night in question were Bryant's eleven-year-old son, fourteen-year-old daughter and twenty-two-year-old daughter. They all testified at trial and denied observing any of the conduct leading to the charges.
After the defense rested, the State offered into evidence twenty-four additional photographs that had been recovered from the computer hard drive. The State's computer expert revealed that these additional images were placed on the hard drive over a three-month period of time ending some two weeks to a month before the night of Bryant's alleged criminal activity in this case. The defense objected to the admission of these additional images.
We conclude the admission of these additional computer images was error that requires we remand for a new trial. First, the State presented no direct evidence that the computer images were placed onto the hard drive by Bryant. "Before evidence of a collateral offense can be admitted under the Williams Rule, there must be clear and convincing evidence that the former offense was actually committed by the defendant." Audano v. State, 641 So.2d 1356, 1358-59 (Fla. 2d DCA 1994). We acknowledge that of all the persons having access to the computer, Bryant was the one most likely to have viewed these images. However, this does not meet the clear and convincing standard necessary for the admission of the Williams Rule evidence. Second, and *906 more importantly to our decision, a comparison of the images introduced during the case in chief and the images introduced as Williams Rule rebuttal reveals a distinct difference in subject matter. Except for one pornographic cartoon, the first set of images showed undressed adolescent and pre-adolescent girls. The rebuttal evidence contained numerous images of sexual activity. Third, this rebuttal evidence was highly prejudicial. Even if we agreed the evidence was admissible, we would question whether its probative value was outweighed by the prejudice.
This was a close case with credibility being a primary issue. We note that the jury was not entirely convinced, as shown by the lesser included verdict for simple battery on the charge of sexual battery. Because we have determined that the erroneous admission of the rebuttal Williams Rule evidence was not harmless, we reverse all convictions and remand for a new trial.
Reversed and remanded.
THREADGILL, A.C.J., and FULMER, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).