829 So.2d 381 (2002)
Anthony PRECIOSE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3704.
District Court of Appeal of Florida, Fourth District.
November 6, 2002.
Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, *382 Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of uttering a forged instrument. The instrument was a check in the amount of $60.50, containing the forged signature of the victim, which was presented for cashing at a Publix store. As part of the state's case, the trial court allowed into evidence two other checks belonging to the victim, both in the amount of $60.50 which had been cashed at a Publix in a different county. There was no evidence to connect appellant to those two checks.
The two checks were admitted under Williams v. State, 110 So.2d 654 (Fla.1959) as evidence of collateral crimes. See also § 90.404(2)(a), Fla. Stat. (2000). One of the requirements for admitting Williams rule evidence is that there must be clear and convincing proof that the defendant committed the collateral crimes. State v. Norris, 168 So.2d 541 (Fla.1964); Smith v. State, 743 So.2d 141 (Fla. 4th DCA 1999).
Because there was no proof connecting appellant with the collateral forgeries, the evidence should not have been admitted. We do not agree with the state that this evidence was harmless, and therefore reverse for a new trial.
GROSS and TAYLOR, JJ., concur.