895 So.2d 1213 (2005)
Timothy Brett HENRION, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5557.
District Court of Appeal of Florida, Second District.
February 25, 2005.
*1214 James E. Felman and Katherine Earle Yanes of Kynes, Markman & Felman, P.A., Tampa, and James H. Sullivan, III, Gainesville, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Timothy Brett Henrion appeals his convictions for three counts of aggravated child abuse. We agree with Henrion's argument that the admission of Williams[1] *1215 rule evidence constituted reversible error.[2]
At trial, Henrion gave his account of events that led to his arrest for the charges which are the subject of this appeal. He testified that early one morning before the remaining members of his household were awake or were still in bed, he was holding his three-month-old son in one arm while attempting to drag one of two large dogs out of the house by its collar. He lost his balance and fell directly on top of his son. The child was immediately taken to the hospital where he was found to have sustained acute rib fractures. X-rays taken at that time revealed there were older, partially healed rib fractures as well as a previous skull fracture. Law enforcement officials were notified of possible child abuse. The State maintained that the child's injuries were not caused by an accident and that Henrion intentionally injured his son. It also claimed that Henrion had inflicted the prior injuries. Henrion was charged with three counts of child abuse for the new and preexisting fractures.
Prior to trial the State filed a notice of intent to introduce Williams rule evidence to demonstrate that the injuries to Henrion's son were not caused by accident. It sought to introduce evidence of injuries allegedly inflicted by Henrion on a seven-month-old infant which had occurred nine years prior to trial. Henrion's defense counsel filed a motion in limine to exclude this evidence. Neither the State nor Henrion scheduled the matter for a hearing before the trial commenced.
On the morning of trial, the issue of the admissibility of the Williams rule evidence was presented to the trial court.[3] The State represented that testimony at trial would demonstrate that in 1993 Henrion's ex-wife, Andrea Hicks, was babysitting the seven-month-old infant daughter of a friend; a male child whose age was not specified; and a ten-year-old child. On the day in question, Ms. Hicks had an appointment outside the home and had to leave the children with Henrion. The female infant and the other children were in Henrion's custody for forty-five minutes to one hour. The State asserted that the testimony would show that later in the day Henrion contacted the infant's father and told him that the child was fussy and interfering with the other children. The father picked up the infant in the afternoon, and when he later changed her diaper, he found that there were bruises on both sides of her rib cage. The police were called to investigate. The State further asserted that the testimony would demonstrate that the police spoke to the infant's father, Ms. Hicks, and Henrion. Both Henrion and Ms. Hicks denied that they had caused any injury to the child. According to the State, the investigating officer would testify that Ms. Hicks told him that the infant seemed fine when she left her in the care of Henrion.
After discussing several Williams rule cases, the State acknowledged that it had to prove the prior bad act by clear and convincing evidence. The judge stopped the prosecutor and asked, "What's connecting Mr. Henrion to the offense that *1216 your collateral offense he was involved  " In response, the prosecutor stated, "He was in custody of the child right after, he says there was a problem to his coworker. Coworker goes and looks at the baby, has the same type of injury as the child here today." The judge asked, "Is there anything that establishes that there were no such injuries prior?" The prosecutor responded, "The father. The father of the child said [s]he was healthy when he dropped [her] off. He is prepared to come in and testify."
Defense counsel objected to the admission of the Williams rule evidence. Counsel argued that the present case was distinguishable from the cases cited by the State in that there were three people who had the opportunity to injure the infant  her father, Ms. Hicks, and Henrion. Defense counsel stated, "At the time when they're doing the investigation [law enforcement] cannot determine which of the three did the act." It was pointed out that no one would be able to testify who actually injured the child. "There's no prior act that is done by my client, by the defendant in this case. It is just allegations. Therefore, none of the cases apply." In fact, no one was ever charged with the offense of injuring the infant.
A trial court's decision to admit collateral crime or Williams rule evidence is reviewed for an abuse of discretion. Gray v. State, 873 So.2d 374, 376 (Fla. 2d DCA 2004). However, "[t]he admission of improper collateral crime evidence is presumed harmful error because of the danger that a jury will take the bad character or propensity to commit the crime as evidence of guilt of the crime charged." Mims v. State, 872 So.2d 453, 456 (Fla. 2d DCA 2004) (quoting Sims v. State, 839 So.2d 807, 811 (Fla. 4th DCA 2003)). For the harmless error rule to apply, the State must prove that there is "`no reasonable possibility that the error contributed to the conviction.'" Mims, 872 So.2d at 456 (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)).
The Williams rule has been codified in section 90.404(2), Florida Statutes (2001). When determining whether evidence is admissible under section 90.404(2), the trial court must make a number of fact-specific determinations. The court must first determine whether there is proof of the connection between the party against whom the evidence is offered and the collateral occurrences.[4]See Robertson v. State, 829 So.2d 901, 907-08 (Fla.2002); Smith v. State, 700 So.2d 446, 447 (Fla. 1st DCA 1997). The offering party is required to prove the defendant's connection with the similar act by clear and convincing evidence. Bryant v. State, 787 So.2d 904, 905 (Fla. 2d DCA 2001); Preciose v. State, 829 So.2d 381 (Fla. 4th DCA 2002); Acevedo v. State, 787 So.2d 127, 130 (Fla. 3d DCA 2001). In order for evidence of a collateral act to be admissible "there must be proof of a connection between the defendant and the collateral occurrences. In this respect mere suspicion is insufficient. The proof should be clear and convincing." Acevedo, 787 So.2d at 130 (quoting State v. Norris, 168 So.2d 541 (Fla.1964)) (emphasis in original). We caution the State that it must be objective in evaluating the quantity and quality of its collateral evidence under the strict admissibility standards these cases require. The State should not lead the trial court into reversible error.
*1217 In the present case, the State failed to prove by clear and convincing evidence that Henrion was the party who was responsible for the 1993 incident involving the injuries to the seven-month-old infant. There was no evidence offered at the motion in limine hearing or at trial which would demonstrate which of the two caregivers, Henrion or Ms. Hicks, inflicted the injuries upon the infant. Some of the statements made by the State at the motion in limine hearing concerning what the evidence at trial would demonstrate were later shown to be inaccurate or the evidence was not as compelling as represented. Further, the testimony at trial did not demonstrate by clear and convincing evidence that Henrion committed the offense against the infant. As a result, we hold that the trial court abused its discretion when it allowed the State to introduce the Williams rule evidence.
The improper admission of Williams rule evidence is presumed harmful error because of the danger that the jury took the collateral evidence as evidence of guilt of the crime charged. See Mims, 872 So.2d at 456. In reviewing the evidence presented at trial, apart from the Williams rule evidence, the record demonstrates that there were no eyewitnesses to the current incident when Henrion allegedly fell on top of his son. The State presented the testimony of experts whose opinions were that the child's injuries were not accidental. Concerning the son's preexisting rib fractures and skull fracture, the testimony clearly demonstrated that the child had suffered injuries. However, there were numerous persons who could have inflicted these injuries. Of the ten witnesses presented by the State, there was only one witness who linked Henrion to those injuries.
Based on the record before us, we conclude that the State failed to prove that there was "no reasonable possibility that the error [in the admission of the Williams rule evidence] contributed to" Henrion's convictions for his son's injuries. See DiGuilio, 491 So.2d at 1135. Thus, the erroneous admission of the Williams rule evidence cannot be considered harmless. Because of our holding concerning the improper admission of the Williams rule evidence, we do not reach the question of whether the other evidence presented at trial would be sufficient to support Henrion's convictions.
Accordingly, because the State did not connect Henrion to the collateral offense  the 1993 incident  by clear and convincing evidence, the trial court abused its discretion when it allowed the Williams rule evidence to be admitted and the error was not harmless. Therefore, we reverse all of Henrion's convictions and remand for further proceedings which may include a new trial.
Reversed and remanded.
SILBERMAN, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] Williams v. State, 110 So.2d 654, 663 (Fla.1959).
[2] Henrion also presents the argument on appeal that the trial court erred when it allowed a "growth chart" to be admitted into evidence over defense counsel's objection. We conclude that it was not an abuse of discretion to admit the "growth chart" into evidence and make no further comment on the issue.
[3] The trial court expressed its frustration and told the parties that this complicated issue should have been presented at a pretrial hearing rather than immediately before the commencement of the trial. The court did its best to evaluate the arguments of the parties while being presented with a stack of cases.
[4] In addition to connecting the defendant to the Williams rule offense, the other factors which are to be considered by the trial court are remoteness, see Duffey v. State, 741 So.2d 1192, 1197 (Fla. 4th DCA 1999), and similarity, see Williams v. State, 621 So.2d 413, 414-15 (Fla.1993).