SUAREZ, Judge.
The defendant appeals his convictions for fleeing to elude at high speed, leaving the scene of an accident with property damage, resisting an officer without violence, and trespass in a conveyance. We affirm the convictions.
The trial concerned a high speed police chase of a stolen vehicle occupied by the defendant and another man. The only issue at trial was whether the defendant was the driver of the stolen vehicle.
The defendant raises two points on appeal. He argues that testimony describing the passenger in the stolen vehicle that he was driving as a transvestite prostitute was prejudicial, and that the prosecutor’s allegedly improper closing arguments deprived him of a fair trial. The State asserts that no evidentiary error occurred and that the prosecutor’s comments during closing were proper.
The testimony at trial by the police officer who pursued the vehicle was that the incident occurred at one o’clock in the morning. The vehicle that the defendant was driving caught the officer’s eye because a known male prostitute was in the passenger seat, and the car sped up as it passed the police car. The officer made a U-turn and attempted to follow the car, which was traveling at more than twice the speed limit and began to run stop signs. The officer pursued the car and ran its tag, which came back as stolen. The defendant’s car ultimately crashed and the defendant jumped out and fled on foot. He collapsed from his injuries and was arrested. The passenger remained in the vehicle.
The police officer’s testimony that the defendant’s passenger was a male prostitute dressed as a woman was properly admitted at trial. The information is relevant and not unfairly prejudicial. The testimony is relevant to the issue of identity. It explains how the police officer knew the defendant was the driver of the vehicle and that the other male, who he recog *952 nized as a known male prostitute and who was dressed as a woman with a curly wig, was the passenger. See Blanco v. State, 447 So.2d 939 (Fla. 3d DCA 1984) (evidence that the passenger in the defendant’s car was wanted by the police was relevant and admissible because it gave the jury an intelligible account of the car chase and gun battle with police, from which the charges of attempted murder arose). The State did not belabor this evidence or make it a feature of the trial. The evidence’s potential for unfair prejudice did not outweigh its probative value and therefore the trial court did not abuse its discretion in allowing this testimony.
Defendant next argues that the State’s closing argument deprived him of a fair trial. We disagree. The prosecutor fairly commented on the evidence and responded to arguments made by the defense by referring to the passenger as a transvestite prostitute. The argument invited the jury to infer that the defendant knew that the car was stolen and that the evidence was not the result of a police conspiracy. These arguments were not improper. Mann v. State, 603 So.2d 1141 (Fla.1992).
Even if any error had occurred, it was harmless because we find, beyond a reasonable doubt, that it did not affect the verdict. Pope v. State, 679 So.2d 710 (Fla. 1996); see, e.g., West v. State, 579 So.2d 288 (Fla. 3d DCA 1991); Nicholson v. State, 486 So.2d 688 (Fla. 3d DCA 1986).
Affirmed.