CIKLIN, J.
 

 Appellant, Manuel Hernandez, seeks a new trial on the charge of lewd and lascivious molestation. He argues that the trial court, when performing the required analysis before admitting Williams
 
 [1]
 
 rule evidence, abused its discretion by applying the wrong standard. Because the lower court made multiple
 
 Williams
 
 rule admissibility determinations based on an incorrect “light most favorable to the state” standard, the court’s analysis was erroneous as a matter of law. We are compelled to reverse and order a new trial.
 

 At trial, the victim, B.P., testified that when he was nine and in summer camp in 2008, he met Hernandez and would talk with him in Spanish. On a field trip, Hernandez was one of the drivers and B.P. rode with him and sat in the front passenger’s seat of a van. While driving, Hernandez, using his right hand, started rubbing B.P.’s left thigh in a circular motion. He then moved his hand to B.P.’s private area and continued to rub. B.P. objected by moving Hernandez’s hand away and Hernandez again placed his hand on B.P. This sequence occurred three times. While Hernandez was doing this, he was smiling at B.P. and said “No te gusta carinito,” which B.P. translated to mean “You don’t like the way I caress you.” After they arrived at their destination and B.P. left the van, he told another camper about the incident. Later in the day, B.P. told his mother about what had happened and identified Hernandez to the police.
 

 Hernandez was interviewed by law enforcement officials and when asked whether he touched B.P., replied that he may have done so inadvertently. Hernandez told police that B.P. had taken hold of his hand while offering comments pertaining to Hernandez’s wristwateh, a scratch on Hernandez’s arm and the hair on Hernandez’s arms. The officer who interviewed Hernandez did not see a scratch, a wristwatch or tan lines (possibly indicating the use of a wristwateh).
 

 Other witnesses included another camper who was riding in the same van and saw Hernandez reach over to B.P. plus two other field trip drivers who did not see Hernandez at any time reach over and touch B.P.
 

 Prior to trial, the State filed an amended notice of intent to offer
 
 Williams
 
 rule evidence, seeking to introduce the testimony of C.W. Before the State rested, the
 
 Williams
 
 rule evidence was proffered to the court. In 1975, when C.W. was seven and living in Venezuela, he met Hernandez, who was the leader of the Boy Scout troop C.W. belonged to. During a field trip with other campers and Hernandez, C.W. stayed overnight at a house. Three of the boys, including C.W., slept in the same room as Hernandez. Hernandez determined the sleeping arrangements and as a result, C.W. slept in a double bed with Hernandez and the two other boys slept in a separate bed. At dawn of the next day, C.W. remembers waking up with Hernandez’s hand moving around on C.W.’s genitals. Startled, C.W. removed Hernandez’s hand and said “no.” Hernandez again placed his hand on C.W.’s genitals and C.W. again moved his hand and said “no.” After the third time, C.W. removed Her
 
 *338
 
 nandez’s hand, said “no,” stood up and went to the corner until morning. On the. day the boys came back from the camp, C.W. told his sister and parents what had happened. During trial in the instant matter, C.W. identified Hernandez in court.
 

 In evaluating, analyzing and then ultimately admitting the testimony of C.W., the trial court made the following findings:
 

 The Court, as I said before, I am guided by the rule in this case is 90.404(b). I think you have a collateral crime evidence that is ordinarily admissible in this type of situation. As we said earlier, the legislature has expanded the admissibility of such in a crime involving child molestation. This clearly falls within that heading in my opinion. He is charged with lewd and lascivious molestation. The provision provides in a criminal case in which defendant is charged with a crime involving child molestation, the defendant’s commission of other crimes, wrong, acts of other molestation when a defendant is charged with a crime involving child molestation and provides that such evidence may be considered for its bearing on any matter in which it is relevant.
 

 The State advances that the evidence regarding this prior incident, alleged incident, with [C.W.] is being offered to show a common scheme or plan, being offered to show absence of mistake or accident and to corroborate testimony of the minor child in this case. The Court is going to find that all those are an appropriate basis for such evidence to be offered. I have considered the evidence. I have considered the testimony of [C.W.] earlier in the case. And in the light most favorable to the State, the McLean case says that I have to make a preliminary determination that the acts were proved by clear and convincing evidence. And, again I, say this in the light most favorable to the State, I’m going to find that has been satisfied in this scenario based upon the testimony of [C.W.]
 

 Additionally, I then must consider the — the 401, 403 balancing in this case and I have done that. I find, first of all, I have to consider whether there is probative value of such evidence, and I’m going find that there is, quite frankly, substantial probative value. The facts are such' — or the evidence is such that it — again, in the light most favorable to the State, makes existence of the fact issue auto [sic] new case, that is whether or not Mr. Hernandez intentionally committed the acts he is accused of more likely than it would be without such evidence, and clearly that is the case.
 

 I think there is a substantial amount of probative value. I say that having considered all of the factors that the Supreme Court Justice Pariente lays out in headnote 12 of the McLean decision including the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and the gender of the alleged victims, and the manner in which the acts were committed.
 

 You have a situation where in terms of the age and the gender, the gender is the same. [C.W.] and [B.P.] are both males. The age is approximately the same. One was approximately seven. [B.P.], I think we all agree was nine at the time of the alleged incident.
 

 Additionally, the nature of the — the manner in which the acts were committed, again, in a light most favorable to the State, involved touching or manipulating the genitalia of the two witnesses. And this was done in a manner factually in which the two children had said no, stop that, and it continued. I find there is some factual similarity there.
 

 
 *339
 
 Additionally, the acts were allegedly occurred in the — again, in the light most favorable to the State, in a situation in which the persons were entrusted into the custody of Mr. Hernandez. So I find that there is a sufficient similarity based upon all those factors.
 

 The closeness in time, obviously, it’s not close in time. I have the authority that the State provided. I still, nonetheless, find that the remoteness, I guess, of the prior incident regarding [C.W.] as not such to outweigh the similarity of the prior acts, the frequency of the prior acts. There is but one that’s been presented. So obviously there is not a repeated situation. I guess that could cut both ways. Frankly, I’m not exactly sure how that would cut in any given case. But I have considered that factor. I have also considered what the Supreme Court says in terms of the presence or the lack of intervening circumstances. When you weigh against that, I guess, the defense takes the position that there is the danger of unfair prejudice in the sense that the jury would render a decision based upon this collateral evidence as opposed to the evidence presented with regard to this case. I’m going to find, while I guess to be intellectually honest, that’s possible, that’s always possible, I’m going to find as a ruling of this court that the probative value of the evidence being offered is not substantially outweighed by the danger of unfair prejudice or the danger of misleading or confusing the jury or the needless presentation of cumulative evidence and that is the inquiry that the court has to make. Not whether there is such potential for prejudice, whether the danger of unfair prejudice substantially outweighed the probative value. And I’m going find that it is simply not the case here.
 

 So as a result, I’m going to deny the defense motion to exclude that evidence in this scenario.
 

 (Emphasis added.).
 

 The standard of review applicable to the consideration of whether
 
 Williams
 
 rule evidence was properly admitted is abuse of discretion.
 
 See Stav v. State,
 
 860 So.2d 478, 480 (Fla. 4th DCA 2003). However, “[w]here a trial judge fails to apply the correct legal rule ... the action is erroneous as a matter of law. This is not an abuse of discretion. The appellate court in reviewing such a situation is correcting an erroneous application of a known rule of law.”
 
 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202 (Fla.1980). In this case, the trial court failed to apply the correct legal rule by admitting
 
 Williams
 
 rule evidence under a standard “in the light most favorable to the State.”
 

 The
 
 Williams
 
 rule is codified in section 90.404(2)(a), Fla. Stat. (2007):
 

 Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is solely to prove bad character or propensity.
 

 This rule has been relaxed in cases of alleged child abuse. Subsection (2)(b)l of the statute goes on to state:
 

 In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
 

 § 90.404(2)(b)l, Fla. Stat. (2007). The Florida Supreme Court described how a
 
 *340
 
 trial court must analyze the admission of
 
 Williams
 
 rule evidence:
 

 Before admitting
 
 Williams
 
 rule evidence, it is incumbent upon the trial court to make multiple determinations, including whether the defendant committed the prior crime, whether the pri- or crime meets the similarity requirements necessary to be relevant as set forth in our prior case law, whether the prior crime is too remote so as to diminish its relevance, and finally, whether the prejudicial effect of the prior crime substantially outweighs its probative value. As the above-mentioned requirements suggest, the determination of whether evidence properly may be admitted as
 
 Williams
 
 rule evidence is a highly individualized, factually intensive inquiry.
 

 Robertson v. State,
 
 829 So.2d 901, 907-08 (Fla.2002) (citations omitted). Additionally, “[o]ne of the requirements for admitting
 
 Williams
 
 rule evidence is that there must be clear and convincing proof that the defendant committed the collateral crimes.”
 
 Preciose v. State,
 
 829 So.2d 381, 382 (Fla. 4th DCA 2002) (citation omitted). To meet the clear and convincing standard, “[t]he evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy.”
 
 J.F. v. Dep’t of Children and Families,
 
 890 So.2d 434, 439 (Fla. 4th DCA 2004). “On appeal, a finding of clear and convincing evidence is presumed to be correct and will not be overturned unless it lacks evidentiary support or is clearly erroneous ... We review trial court’s finding of clear and convincing evidence for competent, substantial evidence.”
 
 T.S. ex rel. D.H. v. Dep’t of Children and Families,
 
 969 So.2d 494, 495 (Fla. 1st DCA 2007).
 

 Performing the required
 
 Williams
 
 rule evidentiary determinations “in the light most favorable to the State” results, by definition, in the evisceration of a criminal defendant’s right to a fair review of the proffered evidence. As explained in
 
 Robertson,
 
 the admission of
 
 “Williams
 
 rule evidence is a highly individualized, factually intensive inquiry.” 829 So.2d at 908. The analysis performed by the trial court became irreparably flawed by usage of a standard which contained a built-in advantage to the State.
 

 Because the only substantial evidence offered to corroborate the victim’s version of the alleged abuse was the testimony of C.W., this case must be reversed and remanded for a new trial.
 
 See Pastor v. State,
 
 792 So.2d 627, 628 (Fla. 4th DCA 2001) (“Where as here, the case depended upon the credibility of the victim, the admission of such [similar fact] evidence was not harmless error because there is a reasonable probability that it could have influenced the jury’s verdict.”).
 

 We have reviewed Hernandez’s second issue and find it to be without merit.
 

 Reversed and remanded.
 

 GROSS, C.J., and WARNER, J., concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).