NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARMAND N. PERREAULT,⁣ )
)
     Appellant,     )
)
v.     )     Case No. 2D15-3817
)
STATE OF FLORIDA,     )
)
     Appellee.     )
)

Opinion filed November 9, 2016.

Appeal from the Circuit Court for Pinellas
County; Philip J. Federico, Judge.

Armand N. Perreault, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.

SALARIO, Judge.

     Armand Perreault appeals from a final order denying his motion to compel

the production of autopsy photographs relied upon by the experts at his 1991 criminal

trial but never admitted into evidence.[1]  The trial court reasoned that section 406.135,

Florida Statutes (2014), allowed disclosure of those photos only upon a showing of

---

     [1]Although this case was originally filed as a petition for a writ of certiorari,
this court subsequently converted it to a direct appeal of a final order.

good cause and upon notice to the mother of the deceased. Because section 406.135 is inapplicable to criminal proceedings, however, the trial court erred in imposing these burdens on Mr. Perreault. Accordingly, we reverse.

In 1991, Mr. Perreault was charged with the first-degree murder of his eleven-month-old stepson in connection with the child's death from traumatic injuries. Mr. Perreault defended those charges at trial, in part, on the theory that his stepson's injuries were the result of his efforts to perform CPR on the child when he found the child unable to breathe. A defense expert testified that the force involved in Mr. Perreault's alleged efforts to resuscitate the child could have caused the injuries that killed him. A rebuttal expert for the State reached the opposite conclusion. Both experts relied on photographs of the autopsy of the child, but the photos themselves were not admitted into evidence at the trial. The jury convicted Mr. Perreault, and he was sentenced to life in prison.

On August 28, 2014, Mr. Perreault filed a motion to compel the production of the photos of the autopsy of the child. His argument was that the State's case at trial hinged on the testimony of Dr. Joan Wood, the Pinellas County medical examiner who testified concerning the cause of death and who had since been forced to retire as the result of errors in several high-profile infant-mortality cases. Mr. Perreault secured the assistance of a forensic pathologist, Dr. John Plunkett, who agreed to review the case to determine if Dr. Wood had erred in her conclusions. Dr. Plunkett contacted the medical examiner's office and requested several documents, including photos of the child's autopsy. The medical examiner refused to produce the photos on the basis that under section 406.135, they were not public record and could not be produced without parental consent or a court order.

In his motion, Mr. Perreault argued that Dr. Plunkett needed the autopsy photos to evaluate the cause of death and that the result of that evaluation, if favorable, would be used to file a motion for postconviction relief based on newly discovered evidence under Florida Rule of Criminal Procedure 3.850(b).[2] Mr. Perreault also argued that section 406.135(7) exempts criminal proceedings from its limitations on disclosure of autopsy photos, such that neither a court order nor parental consent were necessary for the medical examiner to provide the records. The State argued in response that Mr. Perreault was required to obtain a court order authorizing disclosure by demonstrating good cause, which in its view Mr. Perreault failed to do.[3]

The trial court denied Mr. Perreault's motion. It determined that section 406.135(4) required Mr. Perreault to obtain a court order authorizing disclosure of the autopsy photos and to show good cause to get one. It also concluded that Mr. Perreault failed to show good cause because his motion failed "to elaborate on the similarities between his [case] and any other cases [involving Dr. Wood] which have been reversed" or to explain why further review of his case was necessary when Dr. Wood's successor at the medical examiner's office was aware of Mr. Perreault's case. The

---

[2]Attached to the motion were Dr. Plunkett's curriculum vitae and affidavits from Dr. Plunkett and Mr. Perreault. Dr. Plunkett attested, among other things, that it was possible that the CPR attempts could have caused the fatal injuries.

[3]The medical examiner filed a paper in the trial court stating that it did not object to producing the photos to Dr. Plunkett but that it deferred to the State's request that the trial court deny the motion. In light of the medical examiner's lack of objection, we do not consider whether a motion filed in a criminal case to which autopsy photos are relevant—as distinguished, for example, from an action to enforce an obligation to produce public records pursuant to section 119.11, Florida Statutes—is the proper way to obtain review of a county medical examiner's refusal to produce autopsy photos. Because Mr. Perreault has not raised the issue, we also do not consider what, if any, standing the State has to contest his request that the medical examiner produce such photos.

court also focused on the fact that during previous attempts by Mr. Perreault to obtain the autopsy photos, the victim's mother had not agreed to release them. The court further held that Mr. Perreault was required to provide notice to the child's mother under section 406.135(5) but failed to demonstrate that he had done so. The court did not address Mr. Perreault's argument that section 406.135(7) exempts criminal proceedings from the requirements of section 406.135. Mr. Perreault now raises that same issue on appeal, and we conclude that he reads the statute correctly.

The legislature adopted section 406.135 in 2001 in response to efforts by the media to compel a medical examiner to release autopsy photographs of NASCAR driver Dale Earnhardt over the objections of his family. See generally Campus Commc'ns, Inc. v. Earnhardt, 821 So. 2d 388, 392 (Fla. 5th DCA 2002). It provides that autopsy photos are confidential and exempt from disclosure under chapter 119, Florida Statutes—the Public Records Act—except that they may be made available to certain surviving family members and to government agencies for limited purposes. § 406.135(2), (3)(b). The statute prohibits the custodian of autopsy photographs from allowing access to any person other than the family members and government agencies the statute specifies unless authorized by court order and punishes willful and knowing violations of that prohibition as a third-degree felony. § 406.135(3)(c), (6)(a).

A court order authorizing access by someone other than a specified family member or government agency may issue only upon a showing of good cause by the person seeking access. § 406.135(4)(b). In determining whether good cause has been shown, the court must consider certain factors specified by the statute, including the seriousness of the intrusion into the family's right of privacy. Id. In addition, a person seeking an order allowing disclosure must provide notice to certain family members

- 4 -

specified in the statute so that they may have the opportunity to be heard in court before a decision about disclosure is made.  § 406.135(5).

Subsection (7) of the statute, however, exempts criminal and administrative proceedings from these requirements.  It provides as follows:

> A criminal or administrative proceeding is exempt from this section, but unless otherwise exempted, is subject to all other provisions of chapter 119, provided however that this section does not prohibit a court in a criminal or administrative proceeding upon good cause shown from restricting or otherwise controlling the disclosure of an autopsy, crime scene, or similar photograph or video or audio recordings in the manner prescribed herein.

§ 406.135(7) (emphasis added).  The statutory term "this section" means what it plainly says: all of section 406.135.  See, e.g., Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So. 2d 1260, 1265 (Fla. 2008) ("In interpreting [the statute at issue], . . . we cannot read [a] subsection . . . in isolation, but must read it within the context of the entire section . . . ."); Dep't of Revenue v. Cent. Dade Malpractice Trust Fund, 673 So. 2d 899, 901 (Fla. 1st DCA 1996) ("There can be no doubt that the Legislature, by using the term 'this section,' meant the whole of [the statute at issue].").  That being the case, subsection (7) exempts criminal proceedings from section 406.135's requirement that disclosure to a person other than a specified family member or government agency be authorized by court order supported by good cause.  This disclosure of autopsy photos might still be disallowed if a provision of chapter 119 so states, and a court might, pursuant to subsection (7), restrict or control the disclosure of autopsy photos upon a showing of good cause for such restrictions or controls.  But in a criminal proceeding, section 406.135 does not require that a person seeking disclosure get a court order,

show good cause, or provide notice to the family members specified in the statute before obtaining access to the photographs.

We interpreted subsection (7) in this way in <u>Sarasota Herald-Tribune v. State</u>, 924 So. 2d 8 (Fla. 2d DCA 2005). There, various media organizations sought disclosure of the autopsy photos of a child murder victim that had been introduced into evidence in a criminal trial but as to which the trial court, relying on section 406.135, had barred the media from access. <u>Id.</u> at 10-11. We explained that section 406.135 could not support the trial court's decision to preclude the media from accessing the photos because the case was a criminal proceeding exempt from the provisions of that statute pursuant to subsection (7). <u>Id.</u> at 13. We noted that subsection (7) does not prohibit a trial court from restricting or controlling the disclosure of such photos, but we concluded that "section 406.135 does not render these court exhibits confidential. If any statute accomplishes that act, it must be a provision in chapter 119."[4] <u>Id.</u> at 14.

In this case, Mr. Perreault filed a motion seeking disclosure of the autopsy photos relied upon by the experts in his criminal trial in service of a contemplated motion to challenge his conviction under rule 3.850. We are therefore dealing with a proceeding brought under the rules of criminal procedure, and the State does not dispute that the request here relates to a criminal proceeding. <u>Cf.</u> Fla. R. Crim. P. 3.010 (stating that the Florida Rules of Criminal Procedure apply "in all <u>criminal proceedings</u> in

---

[4]Because the autopsy photos were filed with the court as trial exhibits, we also observed that Florida Rule of Judicial Administration 2.051, governing records of the judicial branch, might provide a basis for denying disclosure. <u>Sarasota Herald-Tribune</u>, 924 So. 2d at 13-14, 15-16. The relevant rule is now codified as rule 2.420. Our record does not disclose whether the autopsy photos here were filed with the court. At all events, because the request for the photos was directed to the county medical examiner and not the court, we need not consider whether rule 2.420 provides a basis for denying disclosure.

the state courts including . . . proceedings <u>under rule 3.850</u>" (emphasis added)); <u>Hall v. State</u>, 752 So. 2d 575, 578 (Fla. 2000) (holding that a motion for postconviction relief is a "collateral criminal proceeding"). Mr. Perreault's effort to obtain copies of the relevant autopsy photos is thus exempt from the requirements of section 406.135. The trial court erred as a matter of law when it denied his motion to compel based on his purported failure to show good cause and give notice to the child's mother. See <u>Hernandez v. State</u>, 16 So. 3d 336, 339 (Fla. 4th DCA 2009) ("[W]here a trial judge fails to apply the correct legal rule . . . the action is erroneous as a matter of law. This is not an abuse of discretion. The appellate court in reviewing such a situation is correcting an erroneous application of a known rule of law." (quoting <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1202 (Fla. 1980))); <u>Vaughn v. State</u>, 711 So. 2d 64, 66 (Fla. 1st DCA 1998).

Accordingly, the trial court's order denying Mr. Perreault's motion to compel production of the autopsy photos is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion, which proceedings may include consideration of any argument by the State based on chapter 119 or consideration of whether there is good cause for the imposition of restrictions or controls on disclosure under section 406.135(7).

Reversed and remanded.

CASANUEVA and SLEET, JJ., Concur.