ALTENBERND, Acting Chief Judge.
April Hill appeals her convictions for sale and possession of cocaine. She argues that the trial court erred in admitting into evidence a letter she sent to the judge asking for drug treatment and psychiatric help instead of a jail sentence. We reverse.
At Ms. Hill’s trial, the State produced evidence that on two occasions on May 21, 1998, Ms. Hill sold small quantities of crack cocaine to an undercover police officer who was accompanied by a confidential informant. The officer testified that he and the confidential informant went to the home of Elizabeth Hill, April Hill’s stepmother, to buy. cocaine. They expected to buy from Elizabeth Hill, but April Hill answered the door. The officer had been assigned as a patrol officer in this neighborhood and testified he knew April Hill was the person at the door because he had had many contacts with her since 1991. He claimed that she did not recognize him at the time of the sales because he had changed his appearance for his undercover role.
The officer did not arrest the seller at the time of the two sales because he did not want to compromise his ongoing investigation in the neighborhood. Instead, Ms. Hill was arrested about five months later. She denied selling cocaine to the officer. She testified that she was living elsewhere at the time of the two sales, and that the officer must have confused her with her sister, who was living with Elizabeth Hill *520 at the time of the two sales. Thus, identification was the primary issue at trial.
Ms. Hill maintains that the trial court erred in admitting into evidence a letter she sent to the trial judge while she was awaiting trial. Ms. Hill’s letter discussed her ongoing problems with “addiction ... as well as mental illness,” which led her to make “bad choices [and] disastrous decisions, with [her] captivity being the result.” The letter admitted she had used drugs excessively. It also indicated she had “numerous arrests [and] convictions.” Noting she had “screwed up too much of [her] life,” Ms. Hill’s letter “acknowledge[d] all of [her] wrongdoing” and said she needed “long-term, inpatient treatment [and was] ready, willing and able to admit [her] problem(s), wrongdoing and addiction(s).” The letter added, “I know that there’s space for someone like myself in prison, but I need help.... ”
On cross-examination, the State asked Ms. Hill if she “wrote a letter to [the trial judge] asking for mercy in this particular case.” Defense counsel objected, arguing at the bench that Ms. Hill’s letter contained no admissions as to this case and therefore was relevant only to bad character and propensity. He further argued that Ms. Hill may have been asking for mercy in her letter on the other charges she had pending before the court. The letter did not mention the particular charge in this case or reveal that Ms. Hill was already on felony probation and was facing a probation violation hearing in that case with the same trial judge.
The trial court overruled the objection and directed Ms. Hill to answer. Ms. Hill responded that she was not asking for mercy, but was asking for drug treatment and psychiatric help. She admitted in front of the jury that she had another case pending. She testified that someone else composed the letter for her; she signed it and sent it to the judge.
When the State moved to introduce Ms. Hill’s letter into evidence, defense counsel objected again on the grounds that in the letter she did not make any admissions as to this particular case, did not admit to selling cocaine, and did not admit she lived at her stepmother’s house. Ms. Hill’s counsel argued that the letter was highly prejudicial because it mentioned her past criminal record, which was inadmissible, as well as her need for psychiatric and drug treatment. The trial court overruled the objection and admitted the letter, stating that Ms. Hill had already testified that she needed psychiatric help when the State asked her about the letter.
We conclude that the trial court erred by allowing the questions concerning this letter and by admitting the letter into evidence. We recognize that the letter is not an express offer to plead in exchange for drug treatment. If it were, there would be no question that it was inadmissible. See § 90.410, Fla. Stat. (1997); Fla. R.Crim. P. 3.172(h); McCray v. State, 760 So.2d 988 (Fla. 2d DCA 2000). There is, however, little question that the letter is an attempt by an unsophisticated defendant to negotiate with the judge.
In order for evidence to be admissible, it must “be relevant to a material issue other than propensity or bad character.” Drake v. State, 441 So.2d 1079, 1082 (Fla.1988). The trial court should exercise discretion to exclude modestly relevant evidence when the danger of unfair prejudice from its admission substantially outweighs its probative value. See State v. McClain, 525 So.2d 420 (Fla.1988). In this case, Ms. Hill’s letter is of very questionable relevance. It neither admits she committed any particular crime, nor contains any other fact material to this case. Even if it contains some limited relevant evidence, the danger of unfair prejudice resulting from its admission substantially outweighs its probative value. Thus, even if the letter was somehow relevant, the trial court abused its discretion by admitting it into evidence.
*521 The trial court’s admission of Ms. Hill’s letter cannot be discounted as a harmless error. In State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986), the supreme court stated:
[H]armless error analysis must not become a device whereby the appellate court substitutes itself for the jury, examines the permissible evidence, excludes the impermissible evidence, and determines that the evidence of guilt is sufficient or even overwhelming based on the permissible evidence.
Overwhelming evidence of guilt does not negate the fact that an error that constituted a substantial part of the prosecution’s case may have played a substantial part in the jury’s deliberation and thus contributed to the actual verdict reached....
Here, other than Ms. Hill’s inculpatory letter to the judge, the only evidence against Ms. Hill regarding the crimes charged came from the officer. The confidential informant did not testify. The cocaine Ms. Hill allegedly sold to the confidential informant in the officer’s presence was in evidence, but the State produced no fingerprints or evidence other than the officer’s testimony that linked Ms. Hill to the cocaine. Thus, the issue of Ms. Hill’s identity as the seller required the jury to make a close assessment of the testimony of the officer and that of Ms. Hill. Given these facts, we find a reasonable possibility that Ms. Hill’s letter contributed to her conviction. See, e.g., Melendez v. State, 700 So.2d 791, 793 (Fla. 4th DCA 1997) (admission of irrelevant and immaterial prejudicial letter not harmless where only evidence linking defendant to crime came from victim).
Reversed and remanded for new trial.
NORTHCUTT and DAVIS, JJ., Concur.