869 So.2d 1278 (2004)
Jose Perez ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4424.
District Court of Appeal of Florida, First District.
April 21, 2004.
*1279 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his conviction for attempted sexual battery on the ground that the trial court erred in admitting evidence pursuant to section 90.404(2)(b), Florida Statutes (2001), which provides a relaxed standard for admission of other acts of child molestation where a crime involving child molestation is charged. Appellant claims the statute is unconstitutional. We agree with the reasoning of McLean v. State, 854 So.2d 796 (Fla. 2d DCA 2003), which held the statute constitutional in cases, such as this, where identity of the perpetrator is not in issue. We affirm appellant's conviction and sentence.
During appellant's trial for sexual battery of his stepdaughter in the home, two other children testified that appellant had molested them when they spent the night at his home. Appellant objected, claiming that section 90.404(2)(b) was unconstitutional for violating both due process and ex post facto provisions of the constitution and permitting the introduction of irrelevant evidence. The trial court denied the motion and admitted the testimony. Appellant was convicted of three counts of attempted sexual battery.
Section 90.404(2)(b)1 provides that in criminal cases where a "defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." This section was passed by the legislature in 2001 and was adopted by the supreme court as part of the Evidence Code. See In re Amendments to the Florida Evidence Code, 825 So.2d 339, 339-41 (Fla.2002). As noted in McLean, this section relaxed the requirements of Williams v. State, 110 So.2d 654 (Fla.1959), of striking similarity between the other wrongful act and the charged crime in child molestation cases. See McLean, 854 So.2d at 801. Although the supreme court itself had relaxed the standard in familial settings, see Heuring v. State, 513 So.2d 122, 124 (Fla.1987), the charged crime and the other wrongful acts were still required to have some shared similarities.
The new evidence code provisions relaxed the standard even further, allowing the admission of other wrongful acts of child molestation without limiting them to similar acts. Despite this broadening, in McLean the court held that the provision does not violate due process, finding that it is "virtually identical to Federal Rule of Evidence 414, which has withstood constitutional attack;" the trial court is still required *1280 to exclude testimony where the probative value is outweighed by the prejudicial effect; the introduction of the testimony is preceded by a cautionary instruction to the jury; and "case law still requires that such testimony not become a central feature of the trial." 854 So.2d at 802. Although the court expressed a concern that such testimony is fraught with risks despite limiting instructions to the jury, especially where identity is an issue, at least where the issue of identity is not in dispute, the provision does not violate due process. Id. As identity is not an issue in this case, we also hold, under the reasoning of McLean, that the statute is constitutional.
Appellant also raises an ex post facto claim because he was accused of offenses occurring prior to the adoption of section 90.404(2)(b). McLean also disposed of this claim. A law violates the ex post facto clause by "alter[ing] the rules of evidence in a manner that permits a conviction with less or different testimony." Id. at 803 (citations omitted). The Mc-Lean court relied on Glendening v. State, 536 So.2d 212 (Fla.1988). That court noted "[t]he proscription against laws which affect the legal rules of evidence and receive less, or different, testimony in order to convict the offender has been construed as prohibiting those laws which "`change the ingredients of the offence or the ultimate facts necessary to establish guilt'", [whereas] "[c]hanges in the admission of evidence have been held to be procedural." 536 So.2d at 215 (quoting Miller v. Florida, 482 U.S. 423, 433, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)). On this basis it found that section 90.803(23), involving a hearsay exception for child victim statements, was procedural because "`[t]he crime for which the present defendant was indicted, the punishment prescribed therefore, and the quantity or the degree of proof necessary to establish his guilt, all remained unaffected by', the enactment of" the statute. Id. (quoting Hopt v. People, 110 U.S. 574, 589-90, 4 S.Ct. 202, 28 L.Ed. 262 (1884)). This same reasoning was applied in McLean to reach the conclusion that section 90.404(2)(b) does not violate the ex post facto clause because it is a procedural change. See McLean, 854 So.2d at 803. We adopt McLean's reasoning.
The trial court carefully and repeatedly instructed the jury as to how to use this Williams rule evidence. It did not become a feature of the trial. The trial court did not err in admitting this evidence.
We affirm the remaining issues without further discussion. We also certify the same question regarding the constitutionality of section 90.404(2)(b) as was certified in McLean. See id. at 803-04.
POLEN and KLEIN, JJ., concur.