872 So.2d 453 (2004)
Jovon Tyrese MIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2468.
District Court of Appeal of Florida, Second District.
May 19, 2004.
*454 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Jovon Tyrese Mims appeals his judgment and sentence for two counts of sale or delivery of cocaine, two counts of possession of cocaine, and felony fleeing and eluding. Mims argues that the trial court erred in allowing into evidence his statement to a deputy that he had not sold drugs "in at least four months." We agree and reverse Mims' judgment and sentence and remand for a new trial.
Deputy Ethan Taylor conducted two undercover cocaine purchases, occurring on August 20 and 23, 2002, with a person in a maroon Ford Escort known to him as "Pete." Deputy Taylor later identified the seller as Jovon Mims.
Deputy Michael Hasty testified that on August 24, 2002, he came into contact with Mims and had a conversation with him. Over a defense objection, Deputy Hasty testified that Mims stated, "I haven't sold dope in at least four months, so it couldn't have been me."
Law enforcement's investigation revealed that the maroon Ford Escort was registered to Ayesha Campbell, who testified for the defense. She testified that she never allowed Mims to use her vehicle and that he was not in her car on August 20 or 23, 2002. She also testified that her former boyfriend, Jeffrey Clark, who at the time of trial was in jail on a charge of sale of crack cocaine, lived with her on August 20, 2002. She recalled that one evening Clark used her car; later that evening, while she was watching "American Idol" on television, Clark ran into the house, turned off the lights and television, and *455 said that the police were after him. Campbell testified that Mims was the wrong person and that the person sought by law enforcement was already in jail. In rebuttal, Deputy Taylor testified that he was sure it was Mims and not Jeffrey Clark who sold him cocaine on August 23, 2002. The jury found Mims guilty as charged.
Mims contends that the trial court abused its discretion in allowing Deputy Hasty to testify to Mims' statement that "I haven't sold dope in at least four months, so it couldn't have been me." He argues that the statement amounts to the introduction of evidence of Mims' propensity to sell drugs and a prior criminal offense. We agree that the trial court erred by allowing the State to introduce Mims' statement to the officer.
Section 90.404(2)(a), Florida Statutes (2002), provides as follows:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Under section 90.403, "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." We recognize that our review of the trial court's ruling on the admissibility of Mims' statement is for an abuse of discretion. See Sexton v. State, 697 So.2d 833, 837 (Fla.1997); Hinojosa v. State, 857 So.2d 308, 309 (Fla. 2d DCA 2003). However, "[t]he trial court should exercise discretion to exclude modestly relevant evidence when the danger of unfair prejudice from its admission substantially outweighs its probative value." Hill v. State, 768 So.2d 518, 520 (Fla. 2d DCA 2000).
In Abbott v. State, 622 So.2d 601, 602 (Fla. 2d DCA 1993), this court held that an officer's spontaneous remark that "the appellant was `known to be a larger scale drug dealer'" during her trial for drug offenses "was relevant only to the appellant's bad character and criminal propensity." Therefore, this court reversed and remanded for a new trial.
In Clark v. State, 742 So.2d 824, 824 (Fla. 2d DCA 1999), a witness testified that the appellant had been on probation when the current charges arose, and this court stated that "[t]he testimony constituted an improper implication of collateral crimes, which is presumptively prejudicial." This court determined that the error was not harmless and reversed and remanded for a new trial.
In Delgado v. State, 573 So.2d 83, 85 (Fla. 2d DCA 1990), this court held that the appellant's boast that he had killed ten men and a witness's testimony about the appellant's drug use were irrelevant in a murder prosecution and should have been excluded. In discussing similar fact evidence under section 90.404(2)(a) and the Williams[1] rule, this court explained, "The fact that the evidence of collateral crimes comes from prior statements of the defendant does not exempt it from the Williams rule." Id. Rather, when "the collateral crime evidence consists of prior statements of the defendant, `[t]he argument for inadmissibility is, in fact, more cogent.'" Id. (quoting Green v. State, 190 So.2d 42, 47 (Fla. 2d DCA 1966)).
In the present case, the State argued at trial that Mims' statement, even *456 though it was hearsay, was admissible as an admission by a party opponent. The defense acknowledged that hearsay was not the basis of the objection, but rather that Mims' statement must be excluded because it was only relevant to show propensity. In ruling on the issue the trial court stated, "I think if he made a statement and there's no doubt about that statement, I'll let that in." Thus, it appears that the trial court did not balance the danger of unfair prejudice against the probative value of the evidence. See State v. McClain, 525 So.2d 420, 422 (Fla.1988).
The circumstances here reflect that the State's introduction of Mims' statement was not relevant to any fact that the State needed to establish to prove its case. While the identity of the person who sold the drugs was an issue at trial, Mims denied that he committed the drug transactions with which he was charged. Because Mims' statement served only to establish Mims' propensity to sell drugs, we conclude that it was unfairly prejudicial and that the trial court erred in allowing the statement into evidence.
The State contends that any error in admitting the testimony was harmless because Deputy Taylor affirmatively identified Mims as the person who sold him drugs on two occasions. However, "[t]he admission of improper collateral crime evidence is presumed harmful error because of the danger that a jury will take the bad character or propensity to commit the crime as evidence of guilt of the crime charged." Sims v. State, 839 So.2d 807, 811 (Fla. 4th DCA 2003). For the harmless error rule to apply, the State must prove that there is "`no reasonable possibility that the error contributed to the conviction.'" Id. (quoting State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)). The State has not done so in this case, where a single witness identified Mims as the seller and Mims presented evidence that another person committed the crimes. See Kulling v. State, 827 So.2d 311, 315 (Fla. 2d DCA 2002) (determining that abuse of discretion in admitting similar fact evidence was not harmless when the "identification of Kulling as the perpetrator rested on the testimony of a single witness"); Sims, 839 So.2d at 812.
Accordingly, we reverse Mims' judgment and sentence and remand for a new trial.
Reversed and remanded.
DAVIS and COVINGTON, JJ., Concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).