883 So.2d 385 (2004)
Albert Eugene CODERRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3276.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
*386 Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant was found guilty of committing a lewd act in the presence of his six-year-old granddaughter. He appeals the conviction, raising four issues. We affirm on all issues, writing only to address the final issue raised.
The victim, who was eleven years old at the time of trial, testified about an incident in which her grandfather, appellant, sat next to her on the couch in her father's home and "rubbed his private part on [her] leg." She clearly recalled that appellant was facing her, on his knees beside her on the couch, when he unzipped his pants, removed his private part and rubbed it between her legs.
It was not until several months later that the victim told her parents about the incident. The victim's father attempted to locate appellant to confront him, but was unable to find him. Appellant later sent a letter to the victim's father in which appellant apologized, proclaimed that he was a sick man and was trying to get help, told his son that he loved him, and stated that he would not spend time in jail.
Appellant argues in the final issue raised that the trial court erred in denying his motion for judgment of acquittal based on the state's failure to show that the act was committed during the time frame alleged. The state maintains that any failure in proof was merely a technical variance between the allegations and the proof, which did not negate the fact that appellant committed the act. We agree and affirm.
The information charged appellant with committing a lewd, lascivious or indecent act December 1, 1997 through February 28, 1998. The state's Statement of Particulars reiterated that the crime took place "on or between December 1, 1997[and] February 28, 1998."
Florida Rule of Criminal Procedure 3.140(o) states:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Interpreting that rule, the supreme court in Tingley v. State, 549 So.2d 649, 651 (Fla.1989), noted that the date and time is ordinarily not a substantive part of an indictment or information and that there may be a variance between the dates proved at trial and those alleged in the indictment as long as: "(1)the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither ... surprised nor hampered in preparing his defense." The court added, "[t]he better-reasoned rule appears to us to be that unless time is a specific element of a certain crime, it is not a substantive, essential part of the indictment." See also State v. Dell'Orfano, 651 So.2d 1213, 1214 (Fla. 4th DCA 1995) ("To be legally sufficient, an information can neither be so vague or indefinite as to mislead or embarrass the accused, or subject him or her to multiple prosecution.").
*387 Although the victim could not remember the exact date of the incident, there was evidence tending to show approximately when the incident occurred. For example, the victim's mother testified that the crime occurred after she and the victim's father had already divorced. The victim and her parents all agreed that the crime occurred during a three-month period of time, after the divorce, when appellant was living with the victim's father in a mobile home. More important, appellant has not asserted that he was in any way surprised or hampered in preparing his defense. On these facts, the safeguards established in Tingley have been met and the trial court properly denied appellant's motion for judgment of acquittal.
Based on the foregoing, we affirm appellant's conviction.
AFFIRMED.
FARMER, C.J., and TAYLOR, J., concur.