958 So.2d 1102 (2007)
Avi NUNEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3077.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
*1103 Ronald S. Lowy and Clayton R. Kaeiser of Lowy & Cook, P.A., Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, James J. Carney and Claudine M. LaFrance, Assistant Attorneys General, West Palm Beach, for appellee.
SHAHOOD, J.
Avi Nunez ("appellant") was found guilty by a jury of burglary with a battery and lewd or lascivious molestation. The charges followed an incident in which appellant entered a neighbor's apartment while only the fourteen-year-old daughter was home and attempted to have sex with her. Appellant raises challenges based on allegedly improper collateral crimes evidence, the court's decision to sustain an objection by the State during defense counsel's closing argument, and the trial court's failure to hold a Richardson[1] hearing prior to the admission of photographic evidence. We find no reversible error and affirm.
Appellant claims that the trial court erred in allowing the victim to testify that appellant offered her cocaine prior to making sexual advances. Appellant contends that this was improper collateral crimes evidence with no connection to the charge the jury had to resolve. We disagree.
The victim testified that appellant knocked on the door and made his way past her inside the apartment after she opened it. Appellant offered the victim cocaine and she refused. Appellant then asked her if she wanted to have sex with him. The victim refused, but appellant chased her into the bedroom, pushed her onto the bed, and committed the sexual touching. Under the facts in this case, we hold that appellant's offer of cocaine to the victim immediately prior to the molestation was inextricably intertwined with the charged crime. See Griffin v. State, 639 So.2d 966, 968 (Fla.1994); Vail v. State, 890 So.2d 373, 376 (Fla. 3d DCA 2004). The trial court did not abuse its discretion in admitting the testimony.
Appellant also argues that the trial court erred in failing to hold a Richardson hearing after the prosecution introduced photographs into evidence at trial that it had not provided to the defense during discovery. The photographs depicted the apartment where the crime took place and the victim's injuries. Having reviewed the photographs in question, we hold that the defense was not procedurally prejudiced by the State's discovery violation and any error was harmless. See Scipio v. State, 928 So.2d 1138, 1143 (Fla.2006); State v. Schopp, 653 So.2d 1016, 1020-21 (Fla. 1995).
Appellant's final argument is that the trial court erred in sustaining the State's objection to defense counsel's comment during closing arguments that the victim must have had some experience with cocaine. *1104 This issue was not preserved and we therefore decline to address it.
Affirmed.
GROSS and MAY, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).