975 So.2d 1277 (2008)
Robert KANE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2279.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
*1278 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Robert Kane appeals his convictions for sexual battery on a child less than twelve years old and sexual activity with that same child when she was twelve years old or older but less than eighteen years old. The child victim of these crimes is appellant's biological daughter, J.K. On appeal, appellant challenges the trial court's admission of the following evidence: (1) nude photographs taken of the victim by appellant during the ten-year period of sexual molestation, and (2) evidence of an incident of molestation involving the victim's younger sister, S.K. We conclude that the trial court did not abuse its discretion in admitting this evidence and affirm the judgments of conviction.
Appellant was charged in a two-count information with sexual molestation of J.K. that occurred from January 1, 1996 to May *1279 16, 2000, when J.K. was between eight and eleven years of age (Count I), and sexual activity with J.K. that occurred from May 17, 2003 to April 7, 2004, when she was fifteen years old (Count II). Before trial, the state filed a notice of intent to offer Williams[1] rule evidence to corroborate J.K.'s allegations. The trial court held an evidentiary hearing on appellant's motion in limine to exclude the evidence.
J.K. was seventeen years old when she testified at the hearing on appellant's motion in limine to exclude Williams rule evidence. According to her testimony, on April 7, 2004, J.K. walked upstairs to the loft in the family home and saw her four-year old sister, S.K., lying face down over the armrest of a couch and her father (appellant) behind her. Appellant, wearing a T-shirt and underwear, had her little sister bent over the chair, with her head and buttocks positioned at the same level. Appellant was standing behind S.K. and pulling down her underwear. Appellant was crouched down so that his genitals were near S.K.'s buttocks. S.K. looked scared, and appellant looked surprised to see J.K. observing the scene. He pulled up S.K.'s underwear and told J.K. to go downstairs.
After that incident, J.K. felt she needed to protect her sister, so she decided to tell her mother about the incident with S.K., as well as appellant's sexual molestation of J.K. over the past eight years, from 1996 to 2004. J.K.'s mother contacted the police, and a detective requested that she, S.K., and J.K. go directly to the Child Protection Team. After J.K. and S.K. were interviewed by the Child Protection Team, the detective executed a controlled phone call between J.K. and appellant. During the phone call, J.K. confronted appellant about what had happened that morning with S.K. Appellant denied any wrongdoing with S.K., but acknowledged having sexual activity with J.K. since she was eight years old. He accused J.K. of being a "willing participant" and threatened to punish her for talking about the matter on the telephone. Appellant was arrested and charged with sexual abuse.
J.K. testified that from January 1996 to April 2004 appellant had sexual contact with her in their home on too many occasions to count; the abuse occurred more than once a month. She explained that she was often left alone in the house with her father, while her mother ran errands and worked long hours. She said that the molestation occurred at these times. Appellant and J.K. were nude when appellant molested J.K.J.K. recalled appellant performing oral sex on her and appellant forcing her to perform oral sex on him during this period. Appellant would touch J.K.'s breasts, vagina and anus with his fingers, tongue and/or his penis. In 1999, when J.K. was eleven years old, appellant attempted both anal and vaginal penetration but stopped when J.K. told him that it was causing her pain. The last sexual episode occurred a few months before trial. At that time, the defendant forced J.K. into his room, told her to take off her clothes, threw her on the bed, "licked around [her] vagina with his tongue," and then had J.K. perform oral sex on him until he ejaculated. J.K. stated that she was afraid of her father because he had a bad temper and would hit her.
From the time J.K. was about five years old until she was fourteen, appellant would make J.K. undress and pose nude in various pornographic positions while he took pictures of her with his Polaroid camera. Appellant would pose her in a manner that would expose her genitals. He would then show her the photographs and tell her how *1280 good she looked. The photographs were sometimes taken before sexual activity and sometimes afterwards. Some were taken without any accompanying sexual activity. After J.K. disclosed the history of abuse to her mother, the photographs were found and recovered from a locked zippered pouch stored in appellant's closet.
The trial court conducted an evidentiary hearing on appellant's motion to exclude Williams rule evidence. It allowed admission of (1) twenty-eight nude photographs of J.K., which were taken by appellant between January 1, 1996 and April 7, 2004; (2) testimony about the first act of molestation that J.K. could remember, which occurred when appellant, operating a limousine, drove J.K. home from elementary school and had J.K., who was in the back of the limousine, pull down her underwear and place her buttocks into the air so appellant could see J.K.'s genital area; (3) testimony about numerous uncharged sexual acts that appellant committed upon J.K. between the ages of eight and sixteen; and (4) testimony about the incident that occurred between appellant and the victim's younger sister, S.K., on April 4, 2007. Only the first and fourth items of evidence are the subject of this appeal.
The trial court's ruling on the admissibility of collateral crime evidence is reviewed for an abuse of discretion. See Macias v. State, 959 So.2d 782, 784 (Fla. 4th DCA 2007) (citing Stav v. State, 860 So.2d 478, 480 (Fla. 4th DCA 2003)); Cadet v. State, 809 So.2d 43, 46 (Fla. 4th DCA 2002).
Section 90.404(2)(b)(1) provides that "[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." The term "child molestation" is defined as conduct proscribed by section 794.011 or section 800.04 when committed against a person sixteen years of age or younger. § 90.404(2)(b)(2). Thus, to be admissible under this section, the collateral crime evidence must constitute a crime, wrong, or act of child molestation under section 794.011 or 800.04, Florida Statutes. See Foreman v. State, 965 So.2d 1171, 1173-74 (Fla. 2d DCA 2007).
Appellant argues that the trial court abused its discretion in admitting the photographs because they were not relevant and were not admissible under section 90.404(2)(b)(1) as collateral acts of molestation. He contends that taking pornographic photos of a child is not a crime under either section 794.011 or 800.04, but, instead, a violation of a different statute, section 827.071, Florida Statutes. He points out that appellant was separately charged under section 827.071 with twenty-eight counts of promoting sexual performance by a child.
We believe, however, that appellant's conduct in coercing his daughter to exhibit her genitals in pornographic photographs does fall within the child molestation activity proscribed by section 800.04. Section 800.04(6)(a)(2) states that one who solicits a person under sixteen years of age to commit a lewd or lascivious act commits lewd or lascivious conduct. Intentionally exposing the genitals in a lewd or lascivious manner is commonly considered a lewd or lascivious act. Thus, when appellant forced his minor daughter to expose her genitals in a lewd way for his camera, he committed lewd or lascivious conduct, which qualifies as "other crimes, wrongs, or acts of child molestation" under section 90.404(2)(b)(1). Accordingly, the photographs were admissible and could be considered for any relevant purpose, including to show motive, intent, plan, or absence of *1281 mistake, as well as to corroborate J.K.'s claims of sexual abuse against appellant. See Mendez v. State, 961 So.2d 1088, 1090 (Fla. 5th DCA 2007) (holding that section 90.404(2)(b) authorizes the admission of collateral crime evidence in child molestation prosecution for any relevant purpose, including to corroborate the victim's testimony by showing that the accused had a propensity for such criminal conduct). Furthermore, the probative value of the photographs was not outweighed by any prejudicial effect upon appellant.
Regardless of whether appellant's conduct falls within the child molestation activity proscribed by section 800.04, we do not find that the photographs constitute "collateral crimes" evidence, such that section 90.404(2)(b) governs their admissibility. Instead, we view the photographs as evidence of other acts or crimes which are inseparable from or inextricably intertwined with the crimes charged. Such evidence is not Williams rule evidence; it is admissible under section 90.402, Florida Statutes, because "it is a relevant and inseparable part of the act which is in issue. . . . [I]t is necessary to admit the evidence to adequately describe the deed." Coolen v. State, 696 So.2d 738, 742-43 (Fla. 1997) (citing Griffin v. State, 639 So.2d 966, 968 (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.))). Here, the victim testified that, over a ten-year period, when she was home alone with appellant, appellant repeatedly molested her. He often posed her for pornographic pictures during these episodes of sexual abuse. He used his camera as a tool to groom and prepare her for the abuse. The photographs are thus inseparable crime evidence, linked together in time, place, and circumstance with the charged sex offenses. They show the entire context in which the molestation occurred. They depict appellant's unnatural and indecent disposition towards his daughter and document the scene of the abuse she suffered throughout her childhood.
Turning next to appellant's point on appeal regarding the admission of J.K.'s testimony about the incident she witnessed between appellant and her younger sister, S.K., we conclude that the trial court properly evaluated and admitted this evidence under section 90.404(2)(b) and McLean v. State, 934 So.2d 1248, 1259 (Fla.2006) (holding that the trial court must consider the similarity of the collateral act of molestation and the charged offense in conducting an analysis of whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice).
Finally, as to both items of challenged evidence, we conclude that the trial court was careful to give appropriate cautionary instructions to the jury throughout the trial and to prevent the evidence from becoming a feature of the trial. See McLean, 934 So.2d at 1262; Ortiz v. State, 869 So.2d 1278, 1280 (Fla. 4th DCA 2004). Accordingly, we affirm appellant's judgments of conviction.
Affirmed.
SHAHOOD, C.J., and FARMER, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).