WARNER, J.
 

 Convicted of two counts of unlawful sexual activity with a minor after a second trial, Bobby McGee raises four issues which he claims require reversal of his conviction: (1) denial of his motion for judgment of acquittal because the state failed to prove the date on which the crime was committed; (2) denial of his motion to sever the trial of the two counts of unlawful sexual activity; (3) admission of other non-similar sexual activity between McGee and the victim; and (4) denial of a motion to suppress his confession where the officer refused to tell him the crime for which he was being interrogated until he waived his
 
 Miranda
 
 rights. We affirm, conclud
 
 *1076
 
 ing (1) the state presented evidence of the date of the offense, and the defendant was not prejudiced or surprised by any variation; (2) severance was not required because the two crimes were linked in a substantial way; (3) the other sexual activity to which the victim testified was inextricably intertwined with the charged crime and was not introduced as
 
 Williams
 
 rule evidence; and (4) the
 
 Miranda
 
 challenge raised on appeal was not properly preserved.
 

 McGee was charged by information with five counts of unlawful sexual activity by a person age twenty-four or older with a minor, age sixteen or seventeen, in violation of section 794.05(1), Florida Statutes (2005). All of the offenses were alleged to involve the same victim. Specifically, the information alleged that on or between May 1, 2005, and May 7, 2005, McGee engaged in vaginal sex (count 1) and oral sex (count 2) with the victim, and that on May 14, 2005, McGee engaged in vaginal sex (count 3), anal sex (count 4), and oral sex (count 5) with the victim. At his first trial, the jury found McGee not guilty of counts 2, 4, and 5. A mistrial was declared as to counts 1 and 3, resulting in a second trial as to these two counts.
 

 In the second trial the victim, who was sixteen at the time of the crime, testified that she met McGee, age thirty-five, in April of 2005. They struck up a friendship, talking nearly every day. On May 14, 2005, as she was going to bed, she heard rocks hitting her window. When she went out to see who it was, she encountered McGee who began kissing and hugging her. She tried to leave, but he said “no” and pulled her to him. He pulled up her nightgown and began performing oral sex on her. Then he pulled her against him so that she could not get away and attempted anal sex. He then pushed her down and engaged in vaginal sex with her. When he finished, she picked up her panties and ran into the house. She put them in a bag marking the date and time on the bag.
 

 The victim also testified that about a week and a half or two weeks prior to this incident she had another sexual encounter with McGee. This also occurred outside her apartment complex. McGee began rubbing her and told her to lie down. He then began performing oral sex and ended engaging in vaginal sex. She did not resist or protest this encounter.
 

 The state also presented portions of McGee’s interrogation by the police in which he admitted both encounters but claimed that the sex was consensual.
 

 The defense moved for a judgment of acquittal on count 1 alleging the sexual encounter between May 1 and May 7, 2005, on the ground that the state did not prove the date on which it occurred. The trial court denied the motion. The defense rested without putting on evidence. The jury convicted McGee as charged, and the court sentenced him as a habitual offender to concurrent terms of thirty years in prison. He appeals.
 

 In his first issue McGee argues that the court erred in denying his motion for judgment of acquittal on count 1 because the prosecution failed to prove that the offense occurred on or between May 1, 2005, and May 7, 2005, as charged in the information. He claims that there was no specific testimony as to the date with regard to count 1. The state counters that a variance, if any, does not require that the court grant a judgment of acquittal.
 

 A de novo standard of review applies when reviewing a motion for judgment of acquittal.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evi
 
 *1077
 
 dence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 
 Id.
 
 (citations omitted).
 

 Contrary to McGee’s contention that there was no specific testimony as to the date with regard to count 1, the victim specifically testified that she had a sexual encounter with McGee “about a week and a half to two weeks” before the May 14, 2005, incident. This is consistent with the timeframe alleged in the information. Viewing the evidence in the light most favorable to the state, the trial court correctly denied the motion.
 

 Even if there was ambiguity in the date, the court still correctly denied the motion. As the supreme court has explained:
 

 [T]ime is not ordinarily a substantive part of an ... information and there may be a variance between the dates proved at trial and those alleged in the ... information as long as: (1) the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither surprised nor hampered in preparing his defense.
 

 Tingley v. State,
 
 549 So.2d 649, 651 (Fla.1989).
 

 In
 
 Coderre v. State,
 
 883 So.2d 385 (Fla. 4th DCA 2004), this court relied on
 
 Ting-ley
 
 to uphold the defendant’s conviction of committing a lewd act in the presence of a child. The defendant had moved for a judgment of acquittal based on the state’s failure to show that the act was committed between December 1, 1997 and February 28, 1998, as alleged in the information. This court agreed with the state that “any failure in proof was merely a technical variance between the allegations and the proof, which did not negate the fact that appellant committed the act.”
 
 Id.
 
 at 386. Although the victim did not remember the exact date of the incident, “there was evidence tending to show approximately when the incident occurred.”
 
 Id.
 
 at 387. More importantly, the appellant did not assert that he was surprised or hampered in preparing his defense.
 

 As in
 
 Coderre,
 
 any failure in proof was merely a technical variance which did not negate McGee’s guilt. The evidence presented tended to show approximately when the incident occurred. Applying the safeguards set forth in
 
 Tingley,
 
 the crime was committed before the return date of the information and within the applicable statute of limitations. Further, McGee did not in any way allege that he was surprised or hampered in preparing his defense. To the contrary, by McGee’s own admission to the police, he had vaginal sexual intercourse with the victim two times within a one-week time period. No error is shown.
 

 Equally unavailing is McGee’s claim that the trial court should have granted his motion to sever the two counts. “Whether a trial court errs in granting appellant’s motion to sever is reviewed for an abuse of discretion.”
 
 Sule v. State,
 
 968 So.2d 99, 103 (Fla. 4th DCA 2007).
 

 “[OJffenses are related offenses if they are triable in the same court and are based on the same act or transaction or on 2 or more connected acts or transactions.” Fla. R.Crim. P. 3.151(a). Nevertheless, where two charges of related offenses are joined in a single information, the court shall grant a severance of charges “before trial on a showing that the severance is appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense.” Fla. R.Crim. P. 3.152(a)(2)(A).
 

 
 *1078
 
 In determining whether severance is warranted, a court considers the temporal and geographic association of the crimes, the nature of the crimes, and the manner in which the crimes were committed.
 
 Domis v. State,
 
 755 So.2d 683, 685 (Fla. 4th DCA 1999);
 
 see also Sule,
 
 968 So.2d at 103 (Fla. 4th DCA 2007) (discussing when severance is appropriate). “[F]or joinder to be appropriate, the crimes must be linked in a significant way.”
 
 Domis,
 
 755 So.2d at 685.
 

 In
 
 Domis,
 
 the defendant was charged with seven counts of lewd and lascivious assault on a child occurring over an eighteen month period. The trial court denied the defendant’s motion to sever from one another the charges occurring on four separate dates. We affirmed the denial of the motion, because the assaults involved the same victim, started in the same manner, occurred in the same location, the victim reported all of the assaults at once, and the assaults were linked by the similarity in the manner of the assault. The mere passage of time between the various events did not require severance. Similarly, the two crimes in this case were committed against the same victim, in the same area, in the same manner, and the victim reported all of the crimes at the same time. Although McGee claims a distinction because one event was consensual and one was not, he did not raise this argument to the trial court, and we do not deem that of significance under the totality of circumstances in this case, particularly because consent is not a defense to this crime. The court did not err in denying the motion for severance.
 

 In his next issue, McGee contends that the court erred in denying his objection and motion for mistrial upon the admission of what he terms
 
 Williams
 
 rule evidence. That evidence, however, was not
 
 Williams
 
 rule evidence but related activity inextricably intertwined with the criminal event. In describing the May 14th incident, the victim testified to the sequence of events, including her description of McGee’s performance of oral sex on her and then anal sex. Counsel objected and a lengthy discussion occurred. The trial court believed that admission of the testimony regarding oral sex was permissible as inextricably intertwined but believed that the mention of anal sex was more prejudicial than probative. However, the court gave a curative instruction which told the jury that the only charge involved the allegation regarding vaginal sex.
 

 In
 
 Griffin v. State,
 
 639 So.2d 966 (Fla.1994), the supreme court explained:
 

 [Evidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not
 
 Williams
 
 rule evidence. It is admissible under section 90.402 because “it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.”
 

 Id.
 
 at 968 (quoting Charles W. Ehrhardt,
 
 Florida Evidence
 
 § 404.17 (1993 ed.)). “Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose, or (4) adequately describe the events leading up to the charged crime(s).”
 
 Dorsett v. State,
 
 944 So.2d 1207, 1213 (Fla. 3d DCA 2006) (citations and internal quotations omitted).
 

 Both the acts of oral and anal sex were inextricably intertwined with the charged crime because they were necessary to adequately describe the events leading up to the charged crimes.
 
 See Kane v. State,
 
 975 So.2d 1277 (Fla. 4th DCA 2008) (sexually explicit photographs of the minor vie-
 
 *1079
 
 tim taken by the defendant before and after sexual activity were inseparable and inextricably intertwined with crimes charged);
 
 Nunez v. State,
 
 958 So.2d 1102, 1103 (Fla. 4th DCA 2007) (defendant’s offer of cocaine to victim immediately prior to molestation was inextricably intertwined with the charged crime). No error occurred.
 

 Finally, McGee challenges the admission of his confession. On appeal he claims that the court erred in denying his motion to suppress it, because the officer coerced him into waiving his
 
 Miranda
 
 rights by refusing to provide any information about why he was under arrest until after he waived his rights. The state points out, however, that he did not make this argument in the trial court. We agree that McGee has not properly preserved this issue for appeal. “For an issue to be preserved for appeal, ... it ‘must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.’ ”
 
 Perez v. State,
 
 919 So.2d 347, 359 (Fla.2005) (citations omitted). Although he raised its involuntariness at trial, he argued different grounds.
 

 A defendant may not argue in the trial court that a consent was involuntary for certain reasons and then obtain a reversal on appeal on the ground that the consent was involuntary for other reasons. Any specific reason for reversal must be a specific reason that was advanced by the appellant in the trial court.
 

 I.R.C. v. State,
 
 968 So.2d 583, 589 (Fla. 2d DCA 2007).
 

 Moreover, even if this argument were preserved, any error is harmless. The detective explained to McGee that his waiver was revocable at any time. After learning the details of the matter upon which he was being questioned, McGee was under no obligation to say anything and could have stopped the interview at any time.
 

 As to his sentence, McGee also claims that his scoresheet contained errors in it which should have been corrected. As the state correctly observes, any error in a guidelines scoresheet is harmless when the defendant is sentenced as a habitual offender.
 
 See Street v. State,
 
 909 So.2d 604 (Fla. 4th DCA 2005).
 

 For the foregoing reasons, we affirm the convictions and sentences.
 

 POLEN and TAYLOR, JJ., concur.