PER CURIAM.
Appellant, Billy Everett, challenges his conviction and sentence for failing to report within forty-eight hours after changing his permanent or temporary residence. Appellant argues, and we agree, that the erroneous admission of collateral crime evidence during his trial created fundamental error.
At trial, the jury heard testimony that Appellant’s registered address for the time period in question was listed as Spring Street. The State’s witnesses testified that Appellant moved from the Spring Street residence to a residence on Baker Street. However, none of the witnesses could provide exact dates for any of these events. Appellant testified that he did not move into the Baker Street residence; he testified that he only stayed there for a few days. During cross-examination, the prosecutor elicited testimony from Appellant that he failed to comply with the forty-eight hour registration requirement when he initially moved to the Spring Street residence. The prosecutor repeatedly mentioned Appellant’s previous failure to comply with the registration requirement during his closing arguments. The prosecutor even urged the jury to consider the previous violation when it evaluated Appellant’s credibility.
“The admission of improper collateral crime evidence is presumed harmful error because of the danger that a jury will take the bad character or propensity to commit the crime as evidence of guilt of the crime charged.” Fike v. State, 4 So.3d 734, 739 (Fla. 5th DCA 2009) (quoting Mims v. State, 872 So.2d 453, 456 (Fla. 2d DCA 2004)). Because Appellant failed to object to any of the collateral crime testimony, he must show that the error was not only harmful, but fundamental. Id. Fundamental error is error that undermines the confidence in the trial outcome and goes to the very foundation of the case. Id. In this case, fundamental error occurred because the prosecutor repeatedly mentioned the collateral crime evidence in his closing arguments. The admission of the collateral crime evidence was fundamental error as it undermines confidence in the verdict. We therefore REVERSE Appellant’s conviction and REMAND for a new trial.
PADOVANO, ROWE, and RAY, JJ., concur.