WARNER, J.
Geovany Ortiz Zuniga appeals his convictions on multiple charges, including first degree murder. These arose from a robbery in which an innocent bystander was killed during the robbers’ escape. Zuni-ga’s involvement consisted of bringing one of the robbers to the scene. He contends that the trial court erred in allowing the state to admit a portion of his statement in which he admitted being involved in four robberies. We agree that the admission of these statements was error. We cannot conclude it was harmless. We thus reverse for a new trial.
This case involves the robbery of the Three Amigos convenience store in Boyn-ton Beach. The store cashes checks for migrant workers and therefore had a lot of cash on hand on the Friday of the robbery. In the early afternoon, several men came in the store, and one pointed a gun at the store clerk. One man hopped over the counter, and another man forced him to open the cash register and take out the money. Another man in a black hat also took money. After the robbery, the assailants fled in a red Dodge Magnum vehicle. The store clerk called 911 and then got in his car to follow the robbers. Shots were fired, and an innocent bystander was killed. After a chase, three of the robbers were caught. Their capture led the detectives to Zuniga, who was not one of the robbers at the store.
The sole evidence against Zuniga consisted of his statements to the officers who interrogated him some five months after the robbery. The lead detective questioned Zuniga twice, using another police officer as a translator, because Zuniga did not speak English. As noted by the official translators at trial, the police translator made multiple mistakes in translation and inserted his own understanding of what Zuniga said. Between the imperfect translation and the disjointed questioning, the statements are extremely difficult to follow.
In the statements, Zuniga admitted that he drove one of the robbers to a gas station where that man met up with the other robbers. Zuniga did not know that a robbery was going to take place and refused to go into the store with the other men. He stated that the men had gone to the store before, and no robbery had taken place. He did acknowledge that he would get a small cut of the money taken from the store, as well as collecting the mastermind’s share. Since he left prior to the robbery occurring, he did not know that the robbers shot a bystander while escaping from the scene. His statement was confusing but was consistent with his defense that he did not know that a robbery would occur. It is also unclear from the statement as to whether he was explaining in part a scheme to pass bad checks at check cashing stores, from which he gets a cut as well as the mastermind’s share for identifying and setting up the theft, in addition to the robbery in question.
*642 At the end of the interrogation, after Zuniga mentioned that “they” hadn’t been doing this too long, the officer asked Zuni-ga how many times he had “helped with stores” like the jewelry store and clothing store. Zuniga answered that there have been four, and the officers then discussed among themselves the four store robberies that they already knew involved this same group of robbers.
Zuniga’s main defense at trial was that he did not know that a robbery was to take place when he drove the one robber to meet the others. He also argued that he knew nothing about the robbery itself or its aftermath and defended against the murder of the bystander on the independent acts theory. Nevertheless, he was convicted of all charges. He appeals his conviction.
The standard of review for the admission of evidence is abuse of discretion. San Martin v. State, 717 So.2d 462, 470-71 (Fla.1998). Zuniga argues that the statements at the end of the interrogation, in which he admitted to participation in four robberies, was improper admission of prior bad acts, inadmissible under section 90.404(2), Florida Statutes (2010). We agree.
In Armstrong v. State, 931 So.2d 187 (Fla. 5th DCA 2006), the Fifth District catalogued the many cases which have held that a defendant’s admission of other crimes during police interrogation of a different crime is generally inadmissible at trial unless offered as Williams[1] rule evidence. The prosecutor and defense in this case agreed, however, that because of the nature of Zuniga’s involvement in this case, the prior robberies did not constitute Williams rule evidence. The admission of such unrelated robberies constituted improper bad character evidence and should have been excluded.
The state does not really contest that the admission of the robberies constituted bad character evidence. Instead, it claims that the statements were inextricably intertwined so that they could not be excised from the statement. In the statement pri- or to the admission to the unrelated robberies, Zuniga was attempting to explain his involvement in the Three Amigos robbery and made reference to other robberies. We have read the statements multiple times, and we cannot glean from his prior statements any admission to the unrelated robberies other than the statements to which the defense objected. While Zuniga talks about how the robbers watch the store, all of the prior comments could refer only to the Three Amigos robbery or to a check cashing scheme, not a robbery.
Regardless, the use of the “inextricably intertwined” theory of evidence is misplaced in this case. “Evidence is inextricably intertwined if the evidence is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose, or (4) adequately describe the events leading up to the charged crime(s).” McGee v. State, 19 So.3d 1074, 1078 (Fla. 4th DCA 2009) (quoting Dorsett v. State, 944 So.2d 1207, 1213 (Fla. 3d DCA 2006)) (citations and internal quotations omitted). In McGee, we held that evidence of prior non-similar sexual acts was admissible as inextricably intertwined with the charged acts of lewd and lascivious conduct, because they were necessary to adequately describe the events leading up to the charged crimes. Id. In Dorsett, the evidence of prior drug transactions was prop *643 erly admitted to prove a material fact in issue. Dorsett, 944 So.2d at 1213-18.
Here, however, the admission of the prior crimes did not prove a material fact in issue, nor was it necessary to establish context or to describe the events leading up to the charged crimes. The prosecutor simply thought that the interrogation involved the discussion of the prior crimes, and the discussion of them in the interrogation could not be separated from the admissible portions of the interrogation without stripping some of the admissible content of the statement. With this we disagree, as the prior comments do not implicate the very specific reference to involvement in the four robberies or the discussion of those after the admission by the officers.
The introduction of the defendant’s admission to the prior robberies was not harmless. Zuniga’s defense was that he did not know that a robbery was to take place. That defense was severely impacted by his admission that he had been involved in three other store robberies. Although other parts of his statement may implicate him, we cannot say that the admission is harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Zuniga raises another issue regarding the trial court’s denial of his motion to suppress statements he made after requesting counsel. We affirm based on State v. Owen, 696 So.2d 715, 719 (Fla.1997), and Davis v. United States, 512 U.S. 452, 458-62, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994).

Reversed and remanded for a new trial

CONNER, J., and LEYENSON, JEFFREY R., Associate Judge, concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).