PER CURIAM.
Appellant challenges his convictions for lewd or lascivious battery and molestation by contending that the trial court erred in restricting his cross-examination of the victim regarding her prior sexual experiences and her denial of any prior sexual experience to a police officer investigating this case. The court granted the state’s motion in limine to prevent such cross-examination based upon section 794.022, Florida Statutes (2008) (commonly referred to as the “Rape Shield Statute”). The state concedes that the court erred in excluding it on this ground, as the statute does not apply to prosecutions for lewd or lascivious molestation and battery. See § 794.022(2)-(3), Fla. Stat. (2008) (referring, only to prosecutions under section 794.011, the sexual battery statute); Lewis v. State, 591 So.2d 922, 924-25 n. 4-5 (Fla.1991). But the state takes issue with appellant’s contention that he was entitled to cross-examine her on these subjects, contending that they were irrelevant or improper character evidence. We affirm because the issue has not been preserved.
In the trial court, the defense did not argue that the Rape Shield Statute was inapplicable to this type of offense. Both parties and the court assumed that the statute applied. The defense argued that the statute should not be interpreted to exclude the specific testimony he sought to elicit.[1] This is not sufficient to preserve the argument he raises on appeal: that the statute categorically does not apply to these offenses. See Aills v. Boemi, 29 So.3d 1105, 1108 (Fla.2010) (“[F]or an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.”) (quoting Harrell v. State, 894 So.2d 935, 940 (Fla.2005)); McGee v. State, 19 So.3d 1074, 1079 (Fla. 4th DCA 2009) (“Any specific reason for reversal must be a specific reason that was advanced by the appellant in the trial court.”) (quoting I.R.C. v. State, 968 So.2d 583, 589 (Fla. 2d DCA 2007)). The exclusion of this testimony also does not rise to the level of fundamental error. See Anderson v. State, 841 So.2d 390, 403 (Fla.2003) (defining fundamental error as “error that *532 reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error”).[2]
As to the claim of ineffective assistance of counsel, we conclude that no ineffective assistance is apparent on the face of the appellate record. See Mansfield v. State, 758 So.2d 636, 642 (Fla.2000); Hills v. State, 78 So.3d 648, 652-53 (Fla. 4th DCA 2012). Our affirmance is thus without prejudice to appellant raising this issue in a postconviction motion.
WARNER, FORST and KLINGENSMITH, JJ„ concur.

. The testimony was not proffered, and the record reveals that the defense and the state disagreed as to what the victim said about prior sexual experience.

. The lack of a proffer would also impede any fundamental error review in this case.