DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN D. WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1636

[December 9, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 13011141CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for robbery with a weapon. He asserts four issues. First, he suggests the trial court erred in admitting a statement of identification made by a non-testifying witness. Second, he argues the court abused its discretion in admitting his irrelevant and prejudicial statement. Third, he argues the court erred in denying his motion for judgment of acquittal. And fourth, he argues the court erred in allowing the State to make denigrating and burden-shifting comments during closing argument. We find merit in the second argument only and reverse on that basis.

The State charged the defendant with robbery with a firearm. The charge arose from the following facts adduced at trial. When the victim returned home, he exited his vehicle and walked toward his front door. A young male approached him and asked for a light. The victim turned to face the man and told him he did not have a light.

The victim continued to walk to his front door when he felt someone grab him by the back of his neck and press an object against his neck.

While the victim never saw the object, he told law enforcement that it felt like a gun. The man told the victim, "[D]on't move. I'll blow your freaking heart out." The man took forty dollars from the victim's pocket and a gold chain from his neck.

As the man ran away, the victim turned to look at him. The victim called out to two men standing in the direction the man was running. When the two men asked what the other man had done, the victim responded that he had just been robbed. The two men indicated the man went by his nickname "Little Idi."

When law enforcement arrived, the victim gave an on-scene statement to the deputy. Although the man who robbed the victim was not wearing a shirt, the victim failed to mention any tattoos. Law enforcement was unable to find the man who robbed the victim that day. The victim was subsequently able to identify the defendant in a photo lineup. The detective assigned to the robbery advised road patrol of the victim's identification. Road patrol came in contact with the defendant a few weeks later, which allowed the detective to speak with him.

The detective testified that when the defendant asked the detective what he was being charged with, the detective replied that he needed to discuss an armed robbery. When the State asked the detective for the defendant's response, defense counsel objected and argued the evidence was more prejudicial than probative.[1] The trial court overruled the objection. The detective testified that the defendant replied, "[A]n armed robbery? I don't even have a gun. . . . I snatched chains in the past but I never used a gun." Law enforcement arrested the defendant.

After the close of the State's case, defense counsel moved for a judgment of acquittal, arguing the State failed to prove a prima facie case of robbery with a firearm. Defense counsel argued no one saw the gun and the detective was the only person to suggest the defendant used a gun. The trial court denied the motion. The defendant's case consisted of the defendant displaying his tattoos while walking shirtless in front of the jury.

After resting, defense counsel renewed the motion for a judgment of acquittal. Defense counsel argued that the State failed to meet its burden of proof, failed to rebut a reasonable hypothesis of misidentification, and the victim's description did not match the defendant because of his clearly

---

[1] Before trial, defense counsel moved in limine to suppress the defendant's statement. Part of defense counsel's argument was that it was propensity evidence. The trial court denied the motion.

2

visible tattoos. The State responded that the victim never indicated the defendant lacked tattoos. The court denied the motion.

The jury found the defendant guilty of robbery with a weapon, a lesser-included offense. Defense counsel moved for a new trial based upon the denial of certain portions of her previous motion in limine and portions of the State's closing argument. The trial court denied the motion, adjudicated the defendant guilty, and sentenced him to eight years' imprisonment followed by two years' probation, to run concurrent with a sentence from another case. The defendant now appeals his conviction and sentence.

The defendant argues the trial court erred in admitting the defendant's statement to the detective. He asserts that the statement was evidence of prior bad acts that violated the *Williams*[2] rule. He also argues the evidence was improper propensity evidence and any probative value was far outweighed by the danger of unfair prejudice.

The State responds that the trial court did not err in admitting the defendant's statements under the "party opponent" exception. It argues the section 90.403 balancing test weighed in its favor and any error was harmless. The defendant replies that his statement, "I don't even have a gun," did not indicate consciousness of guilt. He argues the State did not respond to the prejudicial statement, "I snatched chains in the past," and when the court improperly admitted the statement, it was harmful similar fact testimony.

We review the admissibility of evidence for an abuse of discretion. *Hayward v. State*, 24 So. 3d 17, 29 (Fla. 2009) (citation omitted). "The trial court's discretion is constrained, however, by the application of the rules of evidence, and by the principles of stare decisis." *Id.* (internal citation omitted).

The defendant's main argument is that his statement was irrelevant and constituted improper bad act and propensity evidence. The central issue is the trial court's admission of the defendant's statement, "I snatched chains in the past but I never used a gun."

> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

---

[2] *Williams v. State,* 110 So. 2d 654 (Fla. 1959).

> mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

§ 90.404(2)(a), Fla. Stat. (2014). "The test of inadmissibility is a lack of relevancy." *Conde v. State*, 860 So. 2d 930, 945 (Fla. 2003) (citation omitted) (internal quotation marks omitted). "Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat.

*Mims v. State*, 872 So. 2d 453 (Fla. 2d DCA 2004) is instructive. There, a deputy conducted two undercover cocaine purchases with a person later identified as the defendant. *Id.* at 454. The defendant denied having committed the offense, and a defense witness testified the deputy had arrested the wrong person. *Id.* at 455–56.

The deputy testified that he had a subsequent conversation with the defendant who said, "I haven't sold dope in at least four months, so it couldn't have been me." *Id.* at 454. The state argued the statement should be admitted as an admission by a party opponent. *Id.* at 455–56. The defendant argued the statement should be excluded as *Williams* rule evidence because "it was only relevant to show propensity." *Id.* at 456. The court overruled the defense objection and admitted the statement. *Id.* The jury convicted the defendant of, among other things, two counts of sale or delivery of cocaine. *Id.* at 455.

The Second District reversed the conviction. *Id.* at 456. The court found it significant that identity was a contested issue and the defendant denied committing the crime. *Id.* The court discussed a number of cases where similar evidence had been held to be inadmissible because it was irrelevant to any material fact and merely used to show propensity. *Id.* at 455. The court held the evidence was used only to establish propensity, was unfairly prejudicial, and was harmful. *Id.*

Here, the evidence showed that a man snatched a gold chain from the victim's neck and stole forty dollars. The defendant denied commission of the crime, and like *Mims*, identity was at issue. His statement implicating himself in prior thefts did not prove a material fact in the current crime, and was certainly more prejudicial than probative. Appellate courts have consistently held that a defendant's comments concerning unrelated crimes do not prove material facts and constitute harmful error. *See, e.g.*, *Zuniga v. State*, 121 So. 3d 640 (Fla. 4th DCA 2013). It was error for the trial court to allow the detective to testify about the defendant's statement.

Further, the State cannot show that the error was harmless. "The admission of improper collateral crime evidence is presumed harmful error

4

because of the danger that a jury will take the bad character or propensity to commit the crime as evidence of guilt of the crime charged." *Sims v. State*, 839 So. 2d 807, 811 (Fla. 4th DCA 2003).

We therefore reverse the conviction and sentence and remand the case for a new trial. We find no merit in the other issues raised.

*Reversed and Remanded.*

GROSS and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***